TETHEROW vs. GRUNDY COUNTY COURT.

1. A writ of error will not lie from an order of a county court, appointing commissioners to locate a permanent Seat of Justice of a county.

2. If in such cases, the county court proceed illegally, the only remedy is by an application to the circuit court for a mandamus.

ERROR to Grundy Circuit Court.

Scott, J. delivered the opinion of the court.

Commissioners were appointed by the General Assembly of this State, to select a seat of justice for Grundy county, under an act entitled, "an act for organizing counties hereafter established," approved December

9, 1836. In pursuance of an act, the commissioners appointed, made a selection, and reported their proceedings to the circuit cout of Grundy county, on the 5th day of August, 1841, which was approved by the court. This report was dated 24th of May, 1841. On the 20th day of June, 1841, a petition for the removal of the seat of justice thus selected, signed by the requisite number of taxable inhabitants, was presented to the county court of Grundy county, under the act entitled, "an act to provide for the removal of county seats," approved February 6th, 1835. This petition was dated May 19, 1841, but recited that the county seat had been selected by the commissioners appointed by the General Assembly. The court thereupon, in pursuance of the last recited act, appointed commissioners to locate permanently the seat of justice of Grundy county, who in conformity to law, selected a permanent seat of justice for said county, and reported to the county court on the 7th day of August, 1841. The circuit court also approved the proceedings of the last board of commissioners. On the 13th Sept., 1841, George Tetherow, a resident householder of Grundy county, moved the county court of said county to rescind the order of the 20th day of June, 1841, appointing commissioners to locate the permanent seat of justice for said county, on the ground that at the time said order was entered, no seat of justice had been selected by the commissioners appointed by the General Assembly. This motion was overruled, and a writ of error was sued out from the circuit court *to* reverse the proceedings of the county court; the circuit court affirmed the order of the county court, and the cause is brought to this court by writ of error.

The first question that arises on the foregoing statement of facts, is whether a writ of error will lie or not? Is George Tetherow such a party as is entitled to the writ? Is this a civil suit within the meaning of the 20th section of the 4th article of the act regulating the practice at law, which allows either party to except to the opinion of the court, in any *civil suit depending*, in any court of record; or is it within the 7th section of the last article of said act, which allows every person aggrieved by any final judgment or decision an appeal, or within the three first sections of the act entitled, "an act to regulate the practice in the supreme court." These statutes when construed in reference to the principles of the common law, as they must be, afford no support to the opinion that a writ of error can be sustained in this case. By the common law no person can bring a writ of error, unless he is party or privy to the record, or is prejudiced by the judgment, and therefore receives advantage by the reversal of it: the rule being, that a writ of

error can only be brought by him who would have the thing, if the erroneous judgment had not been given. 2 Saunders 46 (a.) If a judgment is obtained against a lessee for life, the reversioner or remainderman, if immediate, may have a writ of error: so by the common law since the statute *de donis*, error may be brought by the reversioner, or remainder-man, immediately expectant upon an estate tail. It is also a settled rule that the writ must be brought in the name of all the parties against whom any judgment is given, that it may agree with the record; for if a judgment is against several, if one alone should be permitted to bring error, every defendant may bring error, and so the plaintiff may be delayed a long time; therefore, if a writ is brought by one or more of the defendants, it may be quashed.

Let it be borne in mind, that the statutes concerning the selection and removal of county seats, are entirely silent respecting appeals and writs of error. Neither of these modes of reversing the proceedings of the county courts under those statutes is allowed to any person. A party who would sue out such a writ then, must look to the statutes above cited, and the common law, for a support to his proceedings. If the principles above stated are those which regulate the issuance of writs of error, of which there can be no doubt, how is it possible for the plaintiff in error to sustain his course? Is he a party to the record? Does it appear that he is aggrieved by the order of the court? Is he the only person aggrieved? Are all the rest of the people of the county satisfied with the proceedings, and must they be reversed for him alone, against their will? If they are disssatisfied, should they not be made parties; for dissatisfaction with the order, seems to be the only ground on which any person can base his right to a writ of error. If Tetherow is entitled to a writ of error, is not every taxable inhabitant of the county entitled to one, and when will there be an end of this litigatio 1?

It is clear that the judgment upon which error is brought, must be final, and not merely interlocutory. With what propriety can it be said that the order appointing commissioners to locate a county seat permanently is a final judgment? So far from being the last, it is the first step in the proceeding. The order may remain and yet the county seat be never removed, the title to the place selected may be defective, or the people may never sanction the location. These considerations are sufficient to show that the law never could have contemplated that a writ of error should lie in such proceedings as the present.

Another objection to sustaining this case is, that the evidence is not preserved in the bill of exceptions. The bill only contains the action

of the court in overruling the motion to rescind the order, nor is the evidence preserved in the bill of exceptions taken in the county court.

It may be asked if the county courts act in a lawless manner in removing county seats, is there no mode known to the law by which they can be restrained? The circuit courts have a superintending control over the county courts, and if they exceed their powers, or act contrary to their duty in proceedings on which writs of error will not lie, there are modes by which they can be restrained in conformity to the usages and principles of law.

We feel little reluctance in taking this course with the cause, for the objection to the proceedings of the county court, if they have any weight in them, about which we express no opinion, seems entirely technical, and have no foundation in justice.

Writ of error dismissed.