29   138
40a  530

——————+o◦◦+——————

WHITEHEAD, Respondent, v. STODDARD COUNTY, Appellant.

1. An appeal will not lie under the general law of this state by a county from a judgment of a county court allowing an account against the same.

2. This rule applies to the district county court organized under the act of March 1, 1855, (Sess. Acts, 1855, p. 474,) for the counties of Stoddard, Dunklin and Butler.

*Appeal from Bollinger Circuit Court.*

*Noell*, for appellant.

I. The court erred in dismissing the appeal. An appeal lay in behalf of the county.

EWING, Judge, delivered the opinion of the court.

The respondent presented a claim against Stoddard county for fees and services as jailor in a criminal case, which was allowed in part by the district county court, from which the county took an appeal to the circuit court. A change of venue was taken to the Bollinger circuit court, where the appeal was dismissed. From this judgment the county has appealed to this court. The only question is whether an appeal by the county will lie from the district court.

By an act of the general assembly, approved March 1, 1855, several counties, among which was the county of Stoddard, were constituted a county court district, with a single judge, to be chosen at stated periods by the people of such district. The court thus established has the same powers and jurisdiction of other county courts of the state, but the act contains no provision relative to appeals, leaving that matter subject to the general law. The act to establish courts of record and prescribe their powers and duties confers upon circuit courts appellate jurisdiction from the judgments and orders of county courts and justices of the peace in all cases not expressly prohibited by law ; and gives a superintending control over them. The ninth section of the third article of the act to establish and regulate county treasuries (R. C. 1855, p. 528) provides that, if any account shall be presented against a county, and the same or any part thereof shall be *rejected* by the county, the *party aggrieved* thereby may prosecute an appeal to the circuit court in the same manner as in other cases of appeal from the county to the circuit court. This provision gives an appeal only to the party whose claim against the county has been rejected in

whole or in part, and by the clearest implication *denies* it to the county where the claim is allowed, and is equivalent to a prohibition in the sense of the statute referred to. The appellate jurisdiction of the circuit court, in cases where a county was one of the parties, is the special subject matter of the provision last quoted, and the statute, in giving the right of appeal to the claimant only, by a necessary intendment made the county an exception to the general rule. This view of the subject is supported by the general tenor of the act regulating county treasuries, and particularly the third article, the first section of which gives to the county court the power, and makes it their duty, to audit, adjust and settle all accounts, to which the county shall be a party ; to order the payment of money found due by the county ; to enforce the collection of all money due the county ; in short, they have the sole management of the finances of the county, and hold the legal key of the county treasury. As auditors of the county, all accounts against it must first pass their inspection, and be allowed before payment.

The theory of the statute in question as well as the general legislation on the subject would seem to contemplate no other guarantee of fidelity, on the part of these courts as guardians of the treasury, than such as is implied in the relation they sustain to the county, the manner in which they are constituted, and the interest its members are presumed to have in common with the citizens, who share alike the county burdens, and who would be alike affected by any want of faithfulness in executing their trust as guardians of the public treasury. These considerations may not apply with the same force to those counties whose courts are organized in the manner provided by the special act referred to ; but the legislature, in introducing the change, has failed to provide a remedy for any evils that may result from it.

The judgment will be affirmed ; the other judges concurring.