PHELPS COUNTY, Petitioner, *v.* EDWARD W. BISHOP, Respondent.

1. *Certiorari — Entry of allowance or rejection of claim by County Court not reviewable on certiorari.* — The auditing of a demand against the county by a County Court is not a judicial proceeding, and the entry of its allowance or rejection is not a judgment; and, not being a judgment, can not be reviewed in an appellate court on *certiorari.* If a specific claim be rejected, the county may be sued upon it, and its rejection is no *res adjudicata.*
2. *County Court should not allow claims not warranted by law.* — County Courts have no right to allow claims not warranted by law.

*Certiorari to the County Court.*

*W. J. Pomeroy,* and *Ewing & Holliday,* for petitioner.

An appeal from the judgment of the County Court does not lie. (Gen. Stat. 1865, pp. 230–31, § 36; R. C. 1855, p. 528, § 9; Whitehead v. Stoddard County, 29 Mo. 138.) The only remedy is the writ of *certiorari.* (Const. Mo., art. 6, § 3; Thomas v. Mead *et al.,* 36 Mo. 233, 246–50; State *ex rel.* Thompson v. Saline County Court, 45 Mo. 52.) This writ may be awarded to all inferior tribunals and jurisdictions wherever it is shown either that they have exceeded the limits of their jurisdiction, or in cases where they have proceeded illegally, and no appeal is allowed, and no other mode of directly reviewing their proceedings is provided. (The People v. Wilkinson, 13 Ill. 660; Co. Litt. 288; 2 Salk. 504; 2 Caines, 182; Stone *et al.* v. The Mayor and Aldermen, 25 Wend. 157, 167, 169–71; N. J. R.R. & Tr. Co. v. Suydam, 2 Harrison, 25; 4 Ired. 155.) *Certiorari* is the appropriate remedy where the proceedings of the inferior court are not according to the course of the common law, and there must have been what is equivalent to a final order or judgment before the writ can be issued. (Ewing v. Hollister, 7 Ohio, 138.)

*T. C. Fletcher*, *T. Polk* and *S. G. Kitchen*, for respondent.

I. *Certiorari* can not be used at common law to bring up a case from an inferior to a superior tribunal, after trial and judgment. (Boren v. Welty, 4 Mo. 251; 1 Tidd's Pr. 330, ch. 17.) There is no statute law authorizing the writ.

II. The statute expressly authorizes the County Court " to audit and settle all demands against the county." (Gen. Stat. 1865, p. 556, § 9.) The judgment of the County Court on all questions of fact is therefore conclusive, and can not be reversed or set aside by this court on *certiorari*. (1 Bouv. Law Dic. 231; State *et al.* v. Trustees of Rochester, 6 Wend. 564; 10 Pick. 358; 4 Hals. 209; 13 Ill. 660.) If it appear from the record in this case that the Phelps County Court has kept within the limits of its jurisdiction, this court can not go into the inquiry upon *certiorari* whether the County Court committed error in any matter of which it had jurisdiction. (Groenwelt v. Burwell, 1 Salk. 144; 1 Tidd's Pr. 334; 2 Tidd's Pr. 691.) And this being a subject-matter and a case over which the County Court had jurisdiction, this court will not upon *certiorari* inquire into the correctness of its rulings in it. (Hann. & St. Jo. R.R. v. Morton, 27 Mo. 320; St. Louis County v. Lind and Clemens, 42 Mo. 348; 13 Mo. 421; Wood *et al.* v. Phelps County, 28 Mo. 123; Tetherow v. Grundy County, 9 Mo. 118–20.)

Bliss, Judge, delivered the opinion of the court.

From the petition and return to the writ of *certiorari* it appears that the defendant, Bishop, presented a claim to the County Court for compensation for certain lands that he claims should have been conveyed to him in arranging the location of the county seat. The matter was prosecuted precisely as though the county had been sued in the Circuit Court, except, inasmuch as the County Court itself represented the county, there was no service of process. But there was a petition, answer, motion to strike out an insufficient allegation, and a regular judgment. With the return of the writ and proceedings comes a certified copy of an order of the court stating that the matter is prosecuted

without its consent or authority, and requesting the attorney-general to appear and dismiss it.

So we have before us a proceeding brought up by *certiorari*, in the name of the county, to review the action of the only persons who can represent the county, and prosecuted here against their will. A writ of *certiorari* is directed to an inferior court or tribunal whose proceedings are not according to the course of the common law, but the action to be reviewed must be judicial in its character. (In the matter of Saline County Subscription, etc., 45 Mo. 52.) The auditing of a demand against the county by the County Court is not a judicial proceeding, and the entry of its allowance or rejection is not a judgment. The county judges are the agents, the representatives, of the county, and it is their duty to audit and pay all just and lawful claims against it; and, in performing that duty, they act precisely as would the agents of a private corporation. For that purpose they do not constitute a court in its proper sense, and the entry upon the record of their proceedings is not a judicial record. If a specific claim be rejected, the county may be sued upon it, and its rejection is no *res adjudicata*. This matter is incidentally considered in Marion County v. Phillips, 45 Mo. 75, as well as in the " Saline County Subscription," and we have no reason to change the conclusion there arrived at.

Much of the argument of counsel was devoted to the propriety of the action complained of in allowing the claim of Bishop. It does not become necessary to give any opinion upon that subject, but perhaps we should say that the County Court has no right to allow any claims not warranted by law. It should rigidly guard the treasury, and should not order the payment of money upon any notions its members may have of what may be fair and just, or what may subserve the public interests. If the judges abuse the trust reposed in them, the tax-payers of the county are not without remedy, either by holding them to their proper responsibility or by restraining their proceedings.

The writ is quashed. The other judges concur.