S. A. REPPY, Plaintiff in Error, *v.* JEFFERSON COUNTY, Defendant in Error.

1. *County Courts — Claims against counties — Res adjudicata — Appeal to Circuit Court.*—A County Court, in auditing claims against the county, is simply its financial agent, and not a judicial body. And it has never been held that the disallowance of a claim by a county operates as a judgment. The fact that an appeal lies from its action to the Circuit Court is no indication that such action is a judgment. This is but a statutory mode of bringing the county into the Circuit Court without original process, and the claimant may avail himself of it or commence suit.

2. *County Court, order of — Order-book, entry in — Best evidence, when.*—An order of the County Court for the payment of money is properly entered on its order-book, and that entry is the best evidence of its action, and, until impeached for fraud or mistake, must determine its obligation.

3. *Courts, county, contracts with — Indexing, etc.*—Although, in making a contract for indexing the land record of a county, the County Court may expressly refer to a price named in a statute and make it govern the price fixed for the work agreed on, yet a price for services, referred to in a contract for indexing of lands as being such as is allowed for such services by law, is not thereby properly fixed, as no statute defines the price for those services. The fee allowed recorders for indexing deeds is no criterion in determining the value of services of this description.

*Error to Second District Court.*

*Pipkin & Emerson,* for plaintiff in error.

I. Plaintiff claims that the agreement with him can be proven by parol. (28 Mo. 586; 34 Mo. 383–8.) It was not a judicial proceeding. Directing an index to be made was no adjudication. It was a mere ministerial act, and need not be made a matter of

record at all. When the agreement was made between Reppy and the judges on the bench, this was an end of the matter so far as Reppy was concerned, and he could not be affected by any act of the clerk or the court as to whether it was made rightly or wrongly, or made at all. It was not like a proceeding between two persons before a court; the court itself was a party to the contract. It is not necessary by any means that every act of the court should be entered of record to be valid. It is undoubtedly good law that " what a court of record does can only be shown by its records." But that means simply this : whatever the court does judicially, necessary to be recorded, can only be proven by the record. But this was not a judicial act at all in any sense.

II. But even if there were error in the introduction of the parol evidence of contract, all this was waived and cured by defendant introducing a record entry of such a contract as sued upon. This is conclusive upon defendant. His attempted impeachment of the verity of his own record was incompetent. A party can not be permitted to impeach his own witness.

*Abner Green* and *J. J. Williams*, for defendant in error.

I. If the contract was reduced to writing, that was the best evidence of the contract, and plaintiff should have been required to produce it. And it was not competent for him to prove it by parol.

II. The County Court, in a case of this kind, has no powers other than such as it may exercise in its capacity as general agent of the county. The case is entirely different from contracts to build bridges, boats, public buildings, etc., in which the statute gives the court a general power to contract, and prescribes the manner of doing so. (28 Mo. 580.)

III. It was error for the court to allow parol testimony of the contract to be introduced. Whether there had or had not been a record, such contract must be of record, and can not be proven by parol. The case of Boggs v. Caldwell County, 28 Mo. 580, was a case in which it is manifest that the party who made the new index was clerk of both County and Circuit Courts, and also recorder by virtue of his office, and, as such, being the immediate

officer of the County Court, he stood in a different relation to that body from that occupied by the plaintiff in this case, who was a stranger. But if it be presumed that such relation did not affect the decision of the Supreme Court in that case, then that decision, in so far as it would seem to authorize the proving of such a contract with the county by parol, is not the law, and ought to be overruled. (Dennison v. County of St. Louis, 33 Mo. 168.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff claims to have been employed by the judges of the County Court to make a full direct and inverted index to the land records of the county of Jefferson, at the price of fifteen cents for each name; that he has performed the work, but has received only $500 upon the compensation, and that the balance of his bill, amounting to some $2,100, the County Court refused to pay.

Defendant's counsel first contend that the rejection of the claim is a judgment; that the plaintiff is concluded by it, and can not prosecute in the Circuit Court. This claim is wholly untenable. The County Court, in auditing claims against the county, is but its financial agent, and not a judicial body. It represents the county, and in the numerous prosecutions against it, from the earliest times, it has never been held that a rejected claim was *res adjudicata*. (Phelps County v. Bishop, 46 Mo. 68.) The idea that a disallowance of a claim operated as a judgment against the claimant has arisen in part from the fact that an appeal is allowed from such action. This, however, is but a statutory mode of bringing the county into the Circuit Court without original process, and the claimant may avail himself of it or commence suit.

The petition counted upon a verbal contract with the judges not entered upon the records, and defendant denies such contract, and also sets up one, differing from that claimed by plaintiff, as the only one made, which was entered upon the record, and concerning which certain improper alterations were charged upon the plaintiff. The court, upon motion, struck out all the allegations in regard to this entry, and, upon the trial, persistently refused

to permit any questions to be asked or any evidence to be offered in regard to this entry, and this after the clerk and one of the judges had testified that their agreement was entered upon the order-book.

I can not understand upon what principle the action of the court was based. It is true that this court, in Boggs v. Caldwell County, 28 Mo. 586, held that certain action of the County Court need not of necessity be entered upon its minutes, notwithstanding the statute requires a record of its proceedings. This is the only case I know of where such record is dispensed with, and I can not but regard it as having established a dangerous precedent. But it does not matter, so far as the case at bar is concerned, what view is held upon this subject. The order of the court was actually entered upon the order-book, as it should have been, and that entry is the best evidence of its action. It would be absurd to permit the contracts or other actions of the County Court, regularly entered upon the record, to be controlled in after-years, and in collateral proceedings, by the failing recollection of its judges.

The only variance between this recollection and the record regards the price of the work. The judges testified that they agreed to pay the plaintiff what the statute allowed, and that they supposed that it was fifteen cents for the two entries of each name, and the record shows that he was to be paid " such compensation as is allowed for such services by law." This entry, until impeached for fraud or mistake, must be taken as the best evidence of the agreement, and the parties must be governed by it.

The court also committed error in its instruction. The jury were told, in substance, at the instance of the plaintiff, that if they found that the County Court agreed to pay him for his services such compensation as was allowed by law at that time, they should assess his damages at fifteen cents for each name on the direct and inverted indexes. This instruction is ambiguous. There is no doubt that, in making a contract, a price named in a statute may be expressly referred to and be made to govern the price fixed for the work contracted for. But if the instruction

referred to the price for the work as it is spoken of in the record entry of the agreement, no specific price was fixed. According to that, the compensation was to be such " as is allowed for sucn services by law." There is no statute defining the price for such services. The fee allowed recorders for indexing each deed as it is recorded, to be paid by the party, is no guide. It is part of the official compensation for the original record; is a perquisite of office as well as pay for services. It is by no means such a service as (hardly one similar to) making on behalf of the county, with the aid of all the old indexes, a complete index to a volume or series of volumes. There is no statute authorizing any such work as that done by the plaintiff, and no price is fixed for it by law. As well might it be said, if it became necessary to make a complete copy of the journal or order-book of a court, that a reference to the compensation for such services as allowed by law would obligate the payment of the fees allowed clerks for entering orders, judgments, etc. It is not necessary to say that the county would not be bound to pay an unreasonable price if the contract expressly embraced it; but such agreement will not be inferred from any doubtful language. An agreement to pay what is allowed for such service by law, in the absence of any statute fixing the compensation, must be held to be an obligation to pay what the services are reasonably worth.

The judgment of reversal by the District Court is affirmed. The other judges concur.