STATE OF MISSOURI *ex rel.* NATHAN M. ZIMMERMAN, Defendant in Error, *v.* THE JUSTICES OF BOLLINGER COUNTY COURT *et al.*, Plaintiffs in Error.

1. *Mandamus will issue against county judges for payment of warrants drawn on swamp land funds.* — In proceedings before the Circuit Court for *mandamus* against the judges of the County Court, requiring payment of warrants ordered by them and drawn on the "swamp land" fund, where the return sets up no equitable excuse for the conduct of the County Court — as that the warrants had been wrongfully obtained or issued in payment of a claim improperly audited — the writ will issue; and it cannot be objected that no judgment had been first obtained against the County Court on the claim evidenced by the warrants; for being drawn on a special fund, such judgment could not be obtained.

Were the proceedings appealable to the Circuit Court, *mandamus* would not lie; since that remedy is afforded only when others fail. But being an attempt to induce the payment of claims already audited, there was nothing in regard to which an appeal would lie.

State of Mo. ex rel. Zimmerman v. The Justices of Bollinger Co. Court et al.

*Error to Bollinger Circuit Court.*

*B. B. Cahoon*, for plaintiffs in error.

I. If the County Court, by mistake or otherwise, audited an illegal claim, payment cannot be compelled by *mandamus*, for courts will leave the parties to such remedies as they may have by ordinary proceedings. (43 Mo. 230 ; The People *ex rel.* Merritt v. Lawrence, 6 Hill, 244 ; The People v. Edmonds, *id.* 472 ; The People v. Stout, *id.* 350 ; Baker v. Johnson, 41 Me. 15.)

II. The court, in effect, gave a particular judgment and compelled an inferior court to reverse its decision where it had once acted. *Mandamus* will not issue to do either. (Dunklin County, etc., v. District Court of Dunklin County, 23 Mo. 454 ; State *ex rel.* Adamson v. Lafayette County Court, 41 Mo. 224.)

III. In making the orders in relation to the warrants — if any were made — and in granting the appeal, the County Court acted judicially. (In the Matter of the Saline County Subscription, 45 Mo. 53–4 ; Wagn. Stat. 442, § 22 ; *id.* 415–16, § 36–8 ; *id.* 432, § 2 ; Boone County v. Corlew, 3 Mo. 12.) And the bringing by relator of the case by appeal from the County Court waives all objection to the regularity of the appeal. (Boone County v. Corlew, *supra.*) But *mandamus* will lie only where the act to be done is purely ministerial, and nothing like judgment or discretion is left to the officer in its performance. (Williams v. Court of C. P., 27 Mo. 225 ; Dunklin County v. District Court, 23 Mo. 454 ; United States v. Guthrie, 17 How. 284 ; 6 How. 92 ; 12 Pet. 524 ; 14 Pet. 497 ; 5 Ohio, 529 ; 14 Ohio, 322 ; 8 Ind. 345.)

IV. *Mandamus* will not be awarded except where the petitioner has a specific right and no other specific remedy. (Becker v. St. Louis Land Commissioner, 30 Mo. 111 ; Williams v. Court of C. P., 27 Mo. 227 ; State *ex rel.* Bornefeld v. Howard County Court, 39 Mo. 317 ; Phelps County v. Bishop, 46 Mo. 70 ; State *ex rel.* Bornefeld v. Rombauer, 46 Mo. 156 ; 23 Mo. 454 ; 13 Pet. 279 ; 6 Iowa, 656 ; Tapp. on Mandamus, 64.) In this case the specific remedy was either (*a*) by appeal, which was taken

(Wagn. Stat. 442, § 22; *id.* 415–16, §§ 36–8; *id.* 432, § 2), or (*b*) by an action at law upon the warrants. (Phelps County v. Bishop, 46 Mo. 70; Marion County v. Phillips, 45 Mo. 77–8.) The county is shown to have sufficient property to satisfy the execution.

V. The indebtedness, according to relator's statement, consisted of non-negotiable county warrants, such as are described in the statute (Wagn. Stat. 415, §§ 31, 33, 34). Such warrants represent but simple contract obligations. (State *ex rel.* White v. Clay County, 46 Mo. 234.) Before being reduced to judgment, relator is not entitled to peremptory *mandamus* to enforce their collection. (*Id.* 236; Cox v. City of Lyons, 17 Iowa, 7.)

*Nalle & Noel*, for defendant in error.

*Mandamus* here is the only remedy. The appeal taken by relator was not a remedy. No appeal would lie from such a proceeding.

BLISS, Judge, delivered the opinion of the court.

The relator presented a petition to the Circuit Court of Bollinger county for a writ of *mandamus* directed to the county judges, to require them to provide for the payment of certain county warrants ordered by them and drawn upon the swamp land fund, and representing that by a proceeding in garnishment the warrants had been placed in the hands of the sheriff for the use of the relator; that he had presented them to the treasury but their payment was refused, for the reason that the County Court had otherwise disposed of the fund, and had directed him not to pay them; that he had applied to the County Court to provide funds to be placed in the treasurer's hands for the purpose of paying the warrants, but the court refused to do so, and that the county has ample funds applicable to their payment. The return shows no good reason why these warrants are not paid; does not show that they were improperly issued, or that their amount was not due; but sets up several rather evasive excuses for the action of the court, as that some of the records of the County Court had been destroyed, and respondents did not know whether the war-

rants were regularly indorsed, and the petitioner had appealed from the refusal to provide for their payment.

If the application thus refused were appealable, and the merits of the case were so involved in the question as to afford relief to which the petitioner is entitled, then it would be a good reason why a *mandamus* should not issue ; for remedies of this kind are only afforded when all others fail. But it is not appealable. Appeals are statutory, and the general provisions (Gen. Stat. 1865, ch. 136, § 2 ; Wagn. Stat. 432) giving the Circuit Court appellate jurisdiction over County Courts do not provide for appeals proper, unless there has been other specific legislation in regard to it. (Snoddy v. Pettis County, 45 Mo. 361.) If this application had been a presentation of a demand against the county, a refusal to allow it could have been appealed from, for such appeal is expressly provided for by statute. (Gen. Stat. 1865, ch. 38, § 36 ; Wagn. Stat. 415.) The refusal is not a judgment, yet the statute has provided this mode of bringing the county into the Circuit Court without process, of which a claimant may avail himself if he chooses. (Reppy v. Jefferson County, 47 Mo. 66.) But being an attempt to induce the County Court to provide for the payment of claims already audited, there was nothing in regard to which an appeal would lie.

Were these general warrants, for which the county was liable, we should first require that the claim they evidence be reduced to judgment. (State v. Clay County, 46 Mo. 231.) But they are drawn upon a special fund, and the county cannot be sued in an ordinary action, and thus that remedy is unavailable ; or if the return had set up any equitable excuse for the conduct of the County Court — as that the warrants had been wrongfully obtained or issued in payment of a claim improperly audited — the holder would not be entitled to the benefit of this extraordinary remedy. (The State v. Treasurer of Callaway County, 43 Mo. 230.) But this does not appear, and the judgment of the Circuit Court will be affirmed. The other judges concur.