## HOUX v. BATTEEN, *Appellant.*

1. **Deed:** SIGNATURE IN WRONG NAME: CERTIFICATE OF ACKNOWLEDGMENT. An instrument which purports in the body of it to be the deed of Henry Trigler, and which has appended to it a certificate of a justice of the peace, in due form of law, that Henry Trigler had acknowledged it to be his act and deed, is admissible in evidence as the deed of Henry Trigler, notwithstanding it is signed "Henry Trigtt;" but if the certificate is defective, it will not cure the defect in the deed, and the deed will not be admissible.

2. **Statute of Limitations.** Exclusive, peaceable and uninterrupted possession of a tract of land under color of title for a period of forty-five years, is sufficient to sustain an action of ejectment. *Merchants' Bank v. Evans*, 51 Mo. 335.

3. ————: POSSESSION UNDER A MISTAKE OF LINES. Possession by adjoining proprietors of land up to what they both erroneously suppose to be the true dividing line between them, with no intention on the part of either to claim beyond the true line, will not work a disseizin in favor of either of any land so erroneously occupied by him. *Tamm v. Kellogg*, 49 Mo. 118.

4. **Instructions.** If the only error in an instruction is that it requires one of the parties to prove more than he ought to be required to prove in order to make out his case, the adverse party cannot complain.

5. **Evidence of Unauthorized Survey.** A witness will not be allowed to testify how another person, who was neither a county surveyor nor a deputy county surveyor, nor acting under the authority of the United States, nor by consent of the parties to the suit, had made a survey of the premises in controversy, nor what the results were. Under Wag. Stat., sec. 11, p. 1308, the survey itself, if offered in evidence, would be inadmissible. But the witness will be permitted to testify to everything that he may know about corners, lines and monuments from having been present and assisted in making the survey.

*Appeal from Lafayette Circuit Court*—HON. WM. T. WOOD, Judge.

*H. C. Wallace* for appellant.

*Geo. S. Rathbun* for respondent.

HENRY, J.—The plaintiff, respondent, in July, 1875, instituted a suit in ejectment against the defendant, in the circuit court of Lafayette county, to recover a strip of land in the north part of the northwest quarter of section 6, town. 49, range 18, in said county, " being a strip across the north side, 470 links wide on the west side, and 235 links on the east side, containing about 15 acres." The answer denied plaintiff's title, and also that defendant, on the 1st day of March, 1871, or at any other time, took possession as alleged in the petition. The cause was tried by the court without the intervention of a jury, and there was a judgment in favor of plaintiff, from which defendant has duly prosecuted an appeal.

The evidence on the part of plaintiff was an entry of the northwest quarter of section 6, town. 49, range 28, by Henry Trigler on the 4th day of February, 1825. 2nd. The record of a deed from Henry Trigler to Peter Purvant, dated 4th day of January, 1828, conveying " 85 acres, it being the one-half of the northwest quarter of section 6, in township 49, of range 28." The deed was signed " Henry Trigle." To this deed was attached the certificate of W. Y. C. Ewing, a justice of the peace, " that Henry Trigler, whose name is subscribed to the within deed, is personally known to me as having executed the same before me." Defendant objected to the admission of the deed as evidence, because the description of the land was uncertain and the acknowledgment defective, but the court overruled the objection.

Plaintiff then offered the record of a deed from said Henry Trigler to Jessie Hitchcock, dated the 6th day of March, 1829, conveying to the said Hitchcock " all the grantor's right and title to, and interest in, the following described tract or parcel of land lying in the county of La-

fayette, it being the northwest quarter and west half of section 6, township 49, range 28, containing by estimation 85 acres, more or less." This deed was signed " Henry Trigtt," and to it was appended a certificate of W. Y. C. Ewing, that on the 26th day of March, 1829, Henry Trigler, who was personally known to him to be the person whose name was subscribed to the foregoing instrument of writing as having executed the same, acknowledged the same to be his act and deed, &c. To the introduction of this deed defendant objected, because it was signed by Henry Trigtt and acknowledged by Henry Trigler. The court overruled the objection.

Plaintiff then read as evidence a deed from Jessie Hitchcock and wife to Peter Purvant, dated 12th day of February, 1830, conveying to the grantee " the west half of the northwest quarter of section 6, township 49, range 28, contraining 85 acres by estimation, more or less." Then followed the record of a deed from said Purvant to Joshua H. Sterne, dated 29th day of January, 1853, conveying to said Sterne the northwest qurter of section 6, township 49, range 28. Next, the record of a deed from said Sterne to Joseph Hassell, dated 7th day of April, 1864, conveying to Hassell the northwest quarter of section 6, township 49, range 28, except four acres off of the southwest corner of said quarter section. Then followed a deed from said Hassell to William Houx, the plaintiff, dated 9th day of February, 1866, conveying the same land conveyed to said Hassell by said Sterne.

The controversy grew out of a misunderstanding as to the location of the northwest corner of said quarter section, plaintiff insisting that the point which defendant, who owned the land north, claimed as the corner was some distance south of the true corner. There was such a conflict of evidence on that issue that we have no disposition to interfere with the finding of the court, and will not disturb the judgment unless the court, in the progress of the trial,

committed errors materially prejudicing the defendant, and shall proceed to consider the errors assigned.

The first complaint is of the admission of the deed from Henry Trigler to Peter Purvant. The deed was signed by Henry Trigle, and the acknowledgment was so defective that it did not cure the defect in the deed, which should therefore have been excluded. But this error of the court did not prejudice the defendant if the deed from Trigler to Hitchcock was sufficient to convey a title to the land. That deed was signed "Henry Trigtt." In the body of the deed it purported to be the deed of Henry Trigler, and the justice of the peace who took the acknowledgment, certified, in due form of law, that Henry Trigler acknowledged it to be his act and deed, and this we think sufficient.

*1. DEED: signature in wrong name: certificate of acknowledgment.*

But if this were not so, Purvant, under the deed from Hitchcock to him, immediately took possession of the west half of the said northwest quarter. The deed was made in 1830, and the plaintiff and those under whom he claims had been in the exclusive, peaceable, uninterrupted possession of said half quarter, under color of title at the commencement of the suit for a period of 45 years, and such possession is sufficient to sustain an action of ejectment. *Merchants Bank v. Evans,* 51 Mo. 335.

*2. STATUTE OF LIMITATION.*

Defendant objected to the introduction of the report of the surveyor who was ordered by the court to survey the land in dispute. Without considering in detail the objections to the report, it is sufficient to say that the surveyor was introduced as a witness, and testified to all the facts contained in the report. Nor did the court err in excluding the testimony of the witness Adams as to a survey made by one Tidball in 1869. Tidball was not the county surveyor, and his survey was not made with the consent of the claimant of the land. Wag. Stat. § 11, p. 1308.

The court declared the law for plaintiff as follows; 1st. That if in this case the plaintiff and defendant have

claimed, and still claim, to the line which they suppose to be the true line dividing their respective premises, their possession held under mistake or ignorance of the true line, and without intending to claim beyond the true line when discovered, will not and does not work a disseizin in favor of either party.

2nd. If the court find from the testimony that the plaintiff in this case is the owner of the north half of the northwest quarter of section 6, township 49, range 28, as set up in his petition, and that the northwestern corner of said quarter section was established by the government survey within the timber 100 links, and 200 links south of the bend of the Sni-a-bar creek, and northeast of the west end of the lake mentioned and described by the witness, then the line running east from said corner to what is known as the elm corner at the northeast corner of said section 6, constitutes the township line bordering the northern boundary, and is the northern boundary line of said section 6, and the land herein sued for is south of and joining said line, then it is the property of plaintiff, and he is entitled to the possession of the same.

3rd. The land in dispute, to-wit: that part of it which lies on the north end of the west half of said northwest quarter of said section 6, is claimed by the defendant to constitute a part and portion of the southwest quarter of the southwest quarter of section 31, township 50, range 28, and the true location of said land depends upon the location of township line between said two sections 6 and 31, and if the court finds from the evidence, and government surveys and field notes, and from the corners and monuments placed on the range line between ranges 28 and 29, forming the western boundary line of said sections 6 and 31, that said land, or any part thereof, is in the northwest quarter of said section 6, and joining the township line, then the court will find for the plaintiff as to so much thereof as the evidence shows the defendant is in possession of, to-wit: for all that part which lies on the

north side of the west half of said northwest quarter of said section 6, and for damages for cutting timber, and monthly rents and profits of the same, as the evidence may show the plaintiff is entitled to.

The first instruction is in accord with the decision of this court in the case of *Tamm v. Kellogg*, 49 Mo. 118.

3. ——: possession under a mistake of lines.

The second was a little inaccurate in declaring that if the court found from the testimony that plaintiff was owner of the north half of the quarter as set up in his petition, and that the corner was where plaintiff claimed it to be, then the land in dispute was the property of the plaintiff. But the fault of this instruction was that it required more proof of plaintiff than he was required to make to entitle him to recover the parcel of land in controversy. This parcel was on the north end of the west half of the quarter. To the west half of the quarter only we have seen the plaintiff entitled. The instruction, therefore, wherein it was erroneous, could not have injured defendant. It would not have been calculated to mislead a jury if the case had been tried by a jury, and certainly could not in any manner have injuriously affected the defendant addressed to the court, because in the next instruction the court distinctly stated that the land in controversy was on the north end of the west half of the quarter section. The instructions asked by defendant were all given, and those in connection with the instructions for plaintiff fairly and fully declared the law applicable to the case, and the finding of the court as to the location of the corner of the section under the government survey, we think fully warranted by the evidence. All concurring, the judgment is affirmed.

4. INSTRUCTIONS.

AFFIRMED.

## On Motion for Rehearing.

The counsel for appellant has placed an erroneous construction upon the opinion of this court, wherein we held

5. EVIDENCE OF UN-AUTHORIZED SUR-VEY. that "in excluding the testimony of the witness Adams, as to a survey made by one Tidball in 1869, the court did not err. Tidball was not county surveyor, and his survey was not made with the consent of the claimant of the land." We might have added that Tidball was not the deputy county surveyor, and that the survey was not made by the authority of the United States. Wag. Stat., sec. 11, p. 1308, provides that no survey or re-survey hereafter made by any person except that of the county surveyor or his deputy, shall be considered as legal evidence in any court in this State, except such as are made by authority of the United States or by mutual consent of the parties. The evidence offered, which was excluded by the court, was that of Adams of a survey made by Tidball of the premises, and corner in dispute in March, 1869, how such survey was made and what the results were, and that said Tidball was a competent surveyor. If the survey of Tidball had been offered in evidence, the court, under the 11th section, would have been bound to exclude it, and yet it is seriously contended and elaborately argued that the contents and results of that survey might be proved by parol evidence. There is not enough plausibility in the argument to require any other answer than a statement of the proposition.

The court did not prevent this witness from telling what he knew about the corners and lines from having assisted as a chain-carrier in the Tidball survey. He was permitted to, and did testify, to all that he knew of the corners and lines and monuments from having been present and assisting in that survey. The argument of the counsel is based upon an inaccurate statement as to what the circuit court ruled, and this court held. The other grounds urged for a re-hearing are equally untenable, and the motion is overruled.