J. L. ALDRIDGE *et al.*, Defendants in Error, V. H. C.
SPEARS *et al.*, Plaintiffs in Error.

Kansas City Court of Appeals, December 2, 1889.*

1. **Appeals:** COUNTY COURT: OPENING ROAD. Petitioners in a
public road have no such interest in the case as to carry with it
the right of appeal from the judgment of the county court deny-
ing their petition.

2. ———— : ———— : ————. The road law permits appeals from the
county court in certain specified cases; and from such enumera-
tion the implication is clear that an appeal is denied in other cases,
not specified, as the refusal of the petition to open a new road.

3. ———— : ———— : ————: JUDGMENT. In the determination of a peti-
tion for a public road, the county court does not act in a judicial
capacity, and the refusal of such petition is not a judgment and no
appeal will be therefrom.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD
FIELD, Judge.

CERTIFIED TO THE SUPREME COURT.

*Chas. E. Yeater*, for the plaintiffs in error.

The county court alone has exclusive jurisdiction
to open public roads, and if it refuses the circuit court
has no such jurisdiction on appeal. R. S., sec. 6967
(Laws of 1887, p. 247, secs. 7, 8, 9, 10) ; *Foster v. Dunklin*,
44 Mo. 217.

*Jackson & Montgomery*, for the defendants in
error.

There is no longer any question as to the right of
the parties aggrieved to appeal from the judgment of

* This case through some mistake or misapprehension did not reach the reporter
until August 21, 1890. It will be found affirmed by the supreme court.

the county court granting or refusing to open a high-
way. R. S. 1889, sec. 6967; *Jefferson County v. Cowen*,
54 Mo. 237 ; *Anderson v. Pemberton*, 89 Mo. 65 ; *State
ex rel. v. County Court*, 80 Mo. 503 ; *More v. Bailey*,
8 Mo. App. 158. *Foster v. Dunklin*, 44 Mo. 217, was
decided before the adoption of either section 1210 or
6967 of the Revised Statutes.

ELLISON, J.—This cause originated in the county
court of Pettis county and arises on a petition for open-
ing a new road and to vacate an old one. The petition
was denied by the county court, and the petitioners
appealed to the circuit court, where on a trial *de novo*
the petition was granted as to the opening of a new
road, though no judgment appears in the record as to
the vacation of the old road. A commissioner was
appointed by the circuit court, and his report was
approved by that court which, thereupon, with the aid
of a jury, entered into a trial as to the damages to those
parties over whose land the proposed road ran who had
not relinquished the right of way. The circuit court
adjudged the road to be of sufficient public utility to
justify the payment of the damages assessed. It ordered
the road established, that the parties on its line give
possession within six months and directed the road
overseer to open the same at the expiration of that time.
It was further ordered that the county treasurer of
Pettis county draw his warrant on the county of Pettis
for the damages assessed as well as for the costs of the
case.

Several questions relative to the sufficiency of the
petition and the regularity of the proceedings have
been presented, as also the further question of the right
of the petitioners to appeal to the circuit court from the
order disallowing the petition, since, if they had not the
right, the circuit court had no jurisdiction. The latter
question will dispose of the case, and we will not notice

Aldridge v. Spears.

the others.   It will be noticed that the county court did not assess damages nor open or vacate the road, but refused the petition on the ground that the road was not of sufficient public utility to justify its being opened. Under this state of facts the first point for consideration is, have the petitioners such an interest in the case as to carry with it the right of appeal from the judgment of the county court denying their petition ; that court, it may be remarked in passing, being so peculiarly adapted to the determination of such question.   The action of the county court has not affected the petitioners.   No property interests or rights of theirs have been interfered with or disturbed.   They find themselves after the rejection of their petition *in statu quo*.   The opening of a new public road is not for the special benefit of the petitioners nor have they any special interests or rights therein.   Their interest is no more than any other like number of the general public whose agent the county court is, and for which it acts.   Notwithstanding sections 1102, 1210 and 6967, Revised Statutes, 1879, concerning appeals from county courts, the appellant must yet have such personal interest in the proceedings, as distinguished from his interest in connection with the general public, as will give him an appealable interest.   *Foster v. Dunklin*, 44 Mo. 216 ; *Overbeck v. Galloway*, 10 Mo. 364 ; *Tetherow v. County Court*, 9 Mo. 118.   These cases all arose while the statute now found in the revision of 1879 as section 1102 was in force.   Under that statute appeals were allowed to parties held to be entitled thereto, but as no trial *de novo* was provided for, such appeal only operated as a *certiorari*.   Now, by section 1210, provision is simply made for a trial anew on such appeals, thus covering the difficulty before experienced but in no wise adding additional rights of appeal.   So that a party not allowed an appeal before the provision of the trial anew would still not be allowed, and the foregoing

authorities are as much in point now as before the enactment of section 1210.

II. There is another view of the matter leading to the same result. Notwithstanding section 1102 gives the circuit courts appellate jurisdiction "from the judgments and orders of county courts  *  *  *  in all cases not expressly prohibited by law;" and that section 1210 provides that, "in all cases of appeal from the final determination of any case in the county court," there shall be a trial *de novo*, yet section 6967, Revised Statutes, 1879 (from which section 36, page 166, Laws 1883, is copied) provides that: "In all cases of appeals being allowed from the judgment of the county court, *assessing damages, or for opening, changing or vacating any road*, the circuit court shall be possessed of the cause and shall proceed to hear and determine the same anew; but no commissioners shall be appointed by the circuit court, nor shall any appeal prior to the determination thereof in the circuit court operate as a *supersedeas* of the proceedings in the county court." Thus, this section of the road law permits appeals in certain specified cases; the refusal of the petition for a road not being one of them. By such enumeration of cases in which an appeal may be had the implication is clear that it is denied in other cases, even under section 1102, *supra*. Such was the ruling of the supreme court in a case quite applicable to this. *Whitehead v. Stoddard County*, 29 Mo. 138. All of the cases cited by respondent to which we have had access are those falling directly under the provisions of the statute, section 6967, above quoted, and were not where the petition had been merely denied.

III. There is yet another reason which would lead to a denial of an appeal in this case. In the determination of a petition for a road, that is, whether a road is of sufficient public utility to require its opening and the payment of damages, the county court does not act in a judicial capacity. The refusal of the petition is not

a judgment. It could not be said to be *res adjudicata.* There is nothing in the order of refusal which would prevent another petition for the same thing. It is true that if a petition was granted and afterwards land-owners would refuse the right of way and claim damages, the subsequent proceedings would perhaps become judicial in their character. But, so far as concerns the necessity of a public road, a county court is but the agent for the public. It has been held to be a mere agent in allowing accounts (*Reppy v. Jefferson County,* 47 Mo. 66; *Phelps County v. Bishop,* 46 Mo. 68); in locating county seats (*Iron M. Ry. Co. v. City of St. Louis,* 92 Mo. 160; *State ex rel. West v. County Court,* 41 Mo. 44); in handling school funds (*Ray County v. Bently,* 49 Mo. 236); road funds (*Pettis County v. Kingsbury,* 17 Mo. 479); as well as in granting right of way over streets (*The St. Louis, Iron M. Ry. Co. v. City of St. Louis,* 92 Mo. 160). In the latter case it is held that, notwithstanding the sections of the statute herein referred to, an "appeal can only be taken when the judgment or order appealed from is judicial." Unless, of course, it be specially and directly provided for. We find the foregoing is in direct conflict with the case of *Cox v. Dake,* 34 Mo. App. 80, from the St. Louis Court of Appeals, and we will, therefore, certify this cause to the supreme court for final determination. All concur.