STATE ex rel. WISEMAN, Appellant, v. JOHN W. URTON et al., Respondents.

Kansas City Court of Appeals, May 4, 1914.

1. **PUBLIC ROADS: Appeal: Township Board: Notice.** On appeal to the county court from the order of a township board changing a public road, the appellant must give written notice to the appellee 10 days before the county court convenes; and if he does not do so the appellee may move to dismiss the appeal; and whether there is such notice must be shown on trial of the motion.

2. **MANDAMUS: Discretion.** Issuance of mandamus to compel the county court to docket and try a road case appealed from a township board is discretionary with the circuit court and if the record of the county court shows that for any cause, the relator is not entitled to the writ, it will be refused.

Appeal from Cass Circuit Court.—*Hon. Nick M. Bradley,* Judge.

AFFIRMED.

*W. D. Summers* and *A. L. Graves* for appellant.

*Allen Glenn* and *J. S. Bierley* for respondents.

ELLISON, P. J.—This proceeding is mandamus to compel the county court of Cass county to docket and set for hearing a certain case for opening and changing a public road alleged to have been appealed

to that court from the township board in such county. The circuit court refused a peremptory writ.

Relators are a part of a number of petitioners for a public road. Their petition was addressed to the township board (Cass county being under township organization) and it asked for changing and laying out of a new public road. It was heard by the township board and refused. The refusal was endorsed on the back of the petition as required by section 10346, Revised Statutes 1899. The petitioners then appealed to the county court. Thereafter the county court docketed the cause and set the 14th of November, 1909, as the day for its hearing. On that day the remonstrators against the road appeared specially for a motion to dismiss the appeal. Three grounds were alleged: First, that the county court had no appellate jurisdiction; second, that in this class of cases no right of appeal existed for a refusal to open or vacate a public road; third, that no notice of the appeal had been given as required by law. The county court heard this motion and sustained it in these words, "Which motion was thereupon taken up and submitted to the court, and after hearing arguments, the court is of the opinion that they have no jurisdiction in the matter, and the motion is sustained and said cause is dismissed."

If the county court could properly sustain this motion, relators, of course, have no right to a mandamus. Several grounds have been stated in support of the motion. One of these, that no right of appeal existed and the other that if it existed no notice of the appeal was given. It is claimed that this case does not belong to that class in which an appeal is not allowed, as decided in Aldridge v. Spears, 101 Mo. App.; s. c., 40 Mo. App. 527. We need not pass upon this, since there is ample ground to justify the county court, in that no notice of the appeal was given. The statute (Sec. 10347, R. S. 1899) requires that on ap-

peal from the township board "the appellant shall
serve the appellee at least ten days before the first
day of the term of the county court at which the cause
is to be determined, with a notice, in writing, stating
that an appeal has been taken," etc. No such notice
was given and the appeal could not remain effective
without it, in the face of objections from the appellee.
Relator has said that whether or not there was a no-
tice would appear at the trial and that it was not
proper to sustain the motion for such cause, as he
might have produced a notice at the trial.

The suggestion is without merit. A motion is the
proper practice. If, in such case, a notice exists, it
should be shown on a hearing of the motion.

But it is said that granting a reason existed for
dismissing the appeal, the county court did not do so,
but dismissed the *cause*. We think the proper inter-
pretation of the judgment of the county court is that
it dismissed the appeal. The motion was for that ac-
tion and the motion was sustained, the mere use of the
expression "the motion is sustained and said cause is
dismissed," instead of "appeal dismissed" was a
clerical error. Without the notice, there was no juris-
diction of the person in the county court.

But if it be granted the county court dismissed
the cause instead of the appeal, relators would still
be without standing in this court. Issuing a writ of
mandamus is discretionary with the court; and if the
record shows that relator, for *any* good reason, is not
entitled to it, it will not be issued. It would be singu-
lar action to mandamus a county court at the instance
of an appellant, to hear a cause the appellee has a
right to demand shall not be heard.

The judgment is affirmed. All concur.