OPINION of the Court, by
Judge Owsley.
Miller, for the purpose of obtaining relief from a judgment of S 101 45 cents, which Burrows had obtained against him in the Fayette circuit court, exhibited his bill in chancery, setting forth, among other things, an account against Miller, containing various items, and calling on him for a discovery : he prayed an injunction against the judgment at law, and general relief. A,n injunction was granted him, and during the pendency of the an order was made by the court directing a jury to be empannelled and sworn to ascertain certain facts. After *78 whic~th~ parties agreed to amend the order, that the jury should ascertain and find such facts as might b~ submitted to them~ and return a general verdict; and by their con3ent, entered of record, agreed to waive all errors in the finding of the jury, and for a decree to be made according to the verdict. A jury was accordingly empannelled and sworn, and returned a general verdict, for six dollars remaining due in favor of Burrows, on the judgment at law, after a settlement of all their accounts. A motion was then made to set aside the verdict of the jury, because it wa~ contrary to evidence but it was refused by the court, and a decree pronounced making the injunction perpetual, for all but the six dollars found by the jury in favor of Burrows, for which sum the injunction was dissolved; and each party was decreed to pay his own costs. From wb~ch decree this appeal has been prosecuted. - - - - -
W~ can perceive no error in the refusal of the court to graut a new trial. The error complained of in the finding of the jury, is evidently embraced by the terms of the agreement of the parties, waiving all errors in the finding. After such an agreement entered of record, the court certainly decided correctly in refusing a newS trial. But the decree of the court should have dissolved the injunction of Miller, as well as to the costs of the judgment at laws asto the six dollars fotindby the jury. There being a balance due hitn on the judgment, shews his right to prosecute the action at law, and consequently should recover the costs incident to that action. Damages should also have been decreed, him on the amount for which the injunction was dissolved. We can perceive no error in the decree as to the costs in chancery. The decree of the circuit court must therefore be reversed, the cause remanded to that court, and a decree entered according to the principles of this opinion~ The decree being reversed in part only, each party must pay his own costs in this court.