OVERBECK & SHAW vs. GALLOWAY.

1. No appeal will lie from the order of a County Court establishing or changing a road, unless some private right be affected by such order.

2. No person can become a party to such proceeding so as to be entitled to an appeal, unless he have some private right affected by such proceeding.

## ERROR to Platte Circuit Court.

ALMOND, *for Plaintiffs, insists:*

Galloway's motion was properly overruled by the County Court for reasons —

1st. The opposite party, Overbeck & Shaw, had no notice of it. See Caldwell vs. Lockridge, 9th vol. Mo. Reps. p. 362.

2nd. Even if notice had been given, the County Court ought to have overruled said motion, because Galloway for himself and the other objectors as is shown by the record, was in Court when the new route was established, and took no exception. So far, then, as Galloway and the objectors were and are concerned, the establisment of the new and the vacation of the old route, was not an *ex parte* proceeding.

3rd. The bill of exceptions does not show that any testimony was introduced on or at the hearing of said motion, but only attempts *to set* out *what* the new route was established upon, on preceding days, and does not even state that that was *all the evidence.*

4th. Galloway then did not and has not preserved *his* case in his bill of exceptions.

5th. And I hold that where a County road has been established, though irregularly, upon the records of the County Court, although the viewers or any one else concerned with it may not have complied with the law in establishing it, still it is not competent for the County Court summarily on motion and with or without notice to any one to rescind their orders, and thereby vacate roads. See Revised Statutes, State edition, page 694, §20 and §23. But, 2ndly—*The case* dismissed by the Circuit Court was *evidently* and *clearly* the motion of Galloway. And why render a judgment for costs against Overbeck and Shaw, or either of them? Galloway was evidently the plaintiff on his motion in the County Court as well as in the Circuit Court—and although the County Court may have done wrong in establishing the new and vacating the old route, still if Galloway started a proceeding which ought to have been, and was dismissed, he, Galloway, ought to have been adjudged to pay the costs of it. See Franciscus vs. Martin, 9th M. R. 197.

WILSON & REES, *for Defendant, insist:*

1st. There is no petition in *writing* to the County Court as required by the 20th section of the Statute under the head of roads and highways.

2nd. The commissioners took no oath as required by the 21st section, the words "faithfully and impartially" being omitted in their oath, which are of the very essence of the oath required.

3rd. The new road is not equally convenient to travelers as required by the 22nd section.

4th. No notice of application was given as required by the 22nd section.

5th. There were no commissioners appointed on remonstrance.

McBRIDE, J., *delivered the opinion of the Court.*

Overbeck and others on the 6th April, 1846, presented their petition to the County Court of Platte County, praying for a change in the County road leading from Weston to St. Joseph, which was granted, and the change made, and the old road vacated. At the instance of Galloway the order was opened and the case adjourned over until the next Thursday, (9th April,) when, after hearing the evidence adduced by the objectors, the Court proceeded to make the change asked for by the petitioners. On the 10th April, 1846, Galloway filed his motion to set aside the orders made by the Court, on the petition of Overbeck and others, which being overruled, he excepted, and filed his bill of exceptions, together with an affidavit for an appeal, which was granted.

When the cause reached the Circuit Court, that Court on an inspection of the record and bill of exceptions, reversed the order of the County Court granting the change of the road, and then dismissed the proceedings. Thereupon, Overbeck moved in arrest of judgment and for a new trial, which having been overruled by the Circuit Court, he excepted, and has brought the case here by writ of error.

The first and principal question arising in this cause involves the right of the defendant in error to maintain this proceeding. We have examined the statute regulating roads and highways, and can find no provision authorizing the objectors, sustaining the relation to the subject which Galloway does, to become a party to a proceeding in the County Court for a change in a road, and when the decision of that Court is against his wishes, to take the case by appeal to the Circuit Court, and ask the Circuit Court to set aside the order of the County Court.

The record no where shows that Galloway has any other or different interest in the road from that of the public at large, and if he thus situated has a right to become a party to the proceedings, and when the decision is against him, the right of appeal to the Circuit Court to correct the error of the County Court, then every individual in the community has an equal right. This would not only be ruinous, but violative of those general principles, that a common interest which belongs equally to all, and in which the parties sueing have no special or peculiar property, will not maintain a suit.

In the case of Cole, &c. vs. Shannon, 1 J. J. Marsh, 218, the question we are now investigating was discussed by the Court of Appeals in Kentucky, and upon a re-hearing decided by that Court. The case is one very analogous to the one now before us, and that Court held, that a

one not directly interested in the land through which the proposed road is to pass, can become a party and entitle himself to a writ of error. Even where a road passes through an individual's land, and a proposition is made to remove it therefrom, the owner of the land although objecting, cannot become a party to the proceeding, for the Court remark that "the interest which the owner of the land has in a public highway passing through it, is of no other kind than that which every citizen may claim. The road is established for the public convenience; one man has as much right to use it as another, and the rights of all are precisely the same; and therefore, although one may use it more than another, or may be more benefited by its use, the interest of all is the same in *quality*. If one can prosecute a writ of error, therefore, another has an equal right to do it. Owning the land through which a public road passes gives to the owner no exclusive or peculiar right to the road.

" The road may be very advantageous to him and furnish facilities which may greatly enhance the value of his land; so may the contiguity or proximity of a highway, or bridge, or ferry, to the land of an individual, increase the value of the land, and therefore its discontinuance may subject him to inconvenience and loss. His interest in the road, or bridge, or ferry, would be greater in quantity than that of an individual who owned no land; so one who makes frequent use of a privilege granted to the public may be considered as possessing a greater degree of interest than another, who although he has an equal right, does not make the same or any use of his privilege.

" In all of these cases, the interest of all the persons who have been designated, would be the same in kind although very different in degree, any one or none of them, therefore, can complain to this Court. It is admitted that one who owns no land through which the road runs cannot complain, hence Cole and O'Hara cannot appeal in this case, the road did not belong to them, they had no *franchise* in it, they had no other right to it than that which was common to all others."

The same principle is asserted and maintained in 1 Bibb, 292, and 3 Bibb, 78. In the latter case, it is said that an interest to entitle a person to become a party to a proceeding of this character must be a direct interest in the thing or subject which is the matter of controversy, for it is a rule that no one can maintain a writ of error who would not be entitled to the thing in contest if the judgment were reversed. Now it is plain that the objector in this case, if the road were established, could have no other right in it, or to the use of it, than any other citizen of the community.

If, then, Galloway is not the owner of the land through which the pro-posed change of the road runs, and is not the owner of the land through which the old route passed, we cannot conceive any interest special to him which would entitle him to sue out a writ of error, or appeal from the order of the County Court making the change. It is not sufficient to say that the public interest and convenience has been or will be pre-judiced thereby, for many cases of such prejudice might exist, and it would be obvious that no individual right of action would accrue. As if an obstruction was put in a public road whereby individuals would be put to great trouble and inconvenience in passing along the road, yet if no private damage was sustained no right of action would exist on the part of individuals.

In the establishment of new roads, or the changing of roads already established, or the vacation of existing roads, wherever it is probable that individual or private rights will be affected, the statute provides for the making of such individuals parties by summoning them to appear and show cause if any they have or can, why the prayer of the petition-ers should not be granted. But where, as in this case, a change in the road is desired for cultivation, and the change is upon the land of the petitioner, and the objection to the change is based upon the supposed injury to the public convenience, the statute does not prescribe any method by which that interest may be protected against the unwise or injudicious action of the County Court.

The only remedy for an injury to the public interest arising from the injudicious acts of the County Court in establishing, changing or vaca-ting of public roads, where no private rights are infringed or compro-mitted, is by petition to the Court for their further action remedying the evil complained of, unless their act be of such a flagrant character as to authorize a proceeding, criminally, against them.

This Court in the case of Matson vs. Dickerson, 3 Mo. Reps. p. 339, express the opinion that a writ of error will not lie from the Circuit to the County Court. Wherefore, for the foregoing reasons, the Circuit Court should have dismissed the writ of error sued out by Galloway, but as that Court so far sustained the writ of error as to reverse the order of the County Court made in the premises, the judgment of the Circuit Court is reversed, and the order of the County Court is affirmed.