EMORY S. FOSTER *et al.*, Plaintiffs in Error, *v.* JAMES L. DUNKLIN, Defendant in Error.

1. *County courts — County roads, establishment of—Appeals on merits not inquired into.*— County courts alone have power to establish new county roads, change roads for purposes of cultivation, and vacate roads; and their discretion in these matters can not be reviewed by the Circuit or any other court. No appeal will lie, even as to assessment of damages, since the act of March 23, 1868. (Adj. Sess. Acts 1868, p. 158, § 53.) Any one directly interested may appeal to the Circuit Court on questions of law, under section 2, ch. 136, Gen. Stat. 1865; but the appellate jurisdiction given that court by the statute does not involve the right to review the discretion of the County Court, or to pass upon anything but the legality of its proceedings. If the County Court has conformed to the law, as shown by its record, its action should be affirmed. The merits of the question can not be examined.

2. *County courts — County roads — Petitioners for must pay what costs and expenses.*— The County Court is authorized to establish roads, with or without petition. If established by petition, all that is required of petitioners by way of expense is, first, to pay the county clerk his fees for reading and filing

the petition, recording orders and making copies, and, on order of court, to pay into the county treasury the damages assessed, as a condition precedent to opening the road. No other charges can be imposed upon them.

3. *County courts — County roads — Decision of court touching, who may appeal from.*— The petitioners for establishing a new county road have no such interest in the matter as to authorize making them parties to an appeal or writ of error from the decision of the County Court touching the same, and liable to judgments in the appellate court. Only those whose private rights are affected — whose property is taken — have the power of appeal.

*Error to the Second District Court.*

*Jno. L. Thomas*, for plaintiffs in error.

*J. J. Williams*, for defendant in error.

Bliss, Judge, delivered the opinion of the court.

The County Court of Jefferson county, upon the petition of plaintiffs in error, established a new road across the land of the defendant in error, for which the compensation of fifteen dollars was awarded him, the commissioners deciding that the benefits derived by him from the road equaled the other damages. He appealed to the Circuit Court, which tried the case *de novo* and affirmed the proceedings of the County Court, and thence to the District Court. The last court reversed the action of the other courts, and rendered judgment against the petitioners, and they bring the case up by writ of error. The defendant files his motion to dismiss the writ, for the reason that the plaintiffs have no such interest as will entitle them to its benefit. The motion is overruled, for the reason that these parties were brought into the Circuit Court and into the District Court by defendant Dunklin, and judgment rendered against them in the latter court. If they have no such interest in the matter as to authorize them to appeal from the action of the County Court, it does not follow that if they are brought into the Circuit and District Courts against their will, and personal judgment rendered against them, they may not ask us to review that judgment.

There seems to have been a general misapprehension of the law pertaining to this matter. On appeal to the Circuit Court, the whole question before the County Court was inquired into,

and witnesses examined upon the expediency of establishing the new road. This was beyond the province of the Circuit Court. The County Court has exclusive jurisdiction in that matter. It alone has power to establish new county roads, change roads for purposes of cultivation, and vacate roads. No appeal is allowed from its decision in this matter. The law well assumes that from the constitution of this court, the residence of its members within the county, and their knowledge of its wants, it is more competent to decide these questions correctly than an appellate tribunal. Hence, the discretion of the County Court in establishing the road can not be reviewed by the Circuit or any other court.

Previous to the act of March 23, 1868, appeals were allowed from the assessment of damages ; but, by that act (section 53), if a person over whose land the road passes shall be dissatisfied with the damages allowed him by the road commissioner, he may demand a trial and assessment of damages, by jury, in the County Court; and no appeal is allowed from that assessment. Thus the whole matter is now left to the County Court. But still the Circuit Court, upon application of a person entitled to appeal, may exercise its appellate jurisdiction over the action of County Courts, given by section 2, chapter 136, of the General Statutes.

But the jurisdiction does not involve the right to review the discretion of the County Court, or to pass upon anything but the legality of its proceedings. If the County Court has conformed to the law, as shown by its record, its action should be affirmed. There is no provision for a bill of exceptions or for bringing anything before the Circuit Court, except the record proper; nor can the merits of the question be examined. (St. Louis v. Lind, 42 Mo. 348.)

In the appeal to the Circuit Court the petitioners for the road were made defendants, and they were also brought into the District Court. Is there any authority for this? There can be no question as to who may appeal. Any one directly interested, any one whose property is taken, may bring the matter before the higher courts. But has he any right to bring into court the petitioners for the road, and subject them, against their will, to

the costs and expenses of the suit? If so, it must be from some provisions of the law. The County Court is authorized to establish roads, with or without petition. If established by petition, all that is required of the petitioners by way of expense is, first, to pay the county clerk his fees for reading and filing the petition, recording the orders (Gen. Stat. 1865, ch. 32, § 6), and making copies. Also, the County Court has the power to require them to pay into the county treasury the damages assessed, as a condition precedent to opening the road. Yet this is optional on their part, and no other charges can be imposed upon them. If the petition is granted or refused, the matter is ended so far as they are concerned. They can not appeal or bring writ of error, for they have no such interest in the matter as will entitle them to do so. Only those whose private rights are affected— whose property is taken—have this power. (Overbeck *et al.* v. Galloway, 10 Mo. 364, and cases cited; Bernard v. Callaway County Court, 28 Mo. 37.) We find no authority in law for making the petitioners parties to the appeal, and rendering judgment for or against them. Their interest in the road is only in common with that of others; and, because certain contributions are required of them, other liabilities are not to be inferred.

The proceedings in the County Court were all regular. The petition for the road contains everything the statute requires; the notice was regular, and all the orders of the court; the report of the road commissioner, with the accompanying survey and field-notes of the county surveyor, the release of right of way, etc., are more definite and clear than in a majority of such cases that have come under my observation, and I see no material requirement of law not complied with. The Circuit Court, then, did right in affirming the action of the County Court, notwithstanding improper parties were brought before it; but it had no right to try the questions of fact over again. Instead of passing upon the record of the County Court, it proceeded to hear the whole matter *de novo,* which was outside of its jurisdiction, and rendered judgment for costs against respondent Dunklin. So far as concerns the costs made in the review of the record below and affirmance of judgment, the court was right, and the judg-

ment should stand, notwithstanding improper parties were brought in; but all its proceedings in the trial of the merits were outside the law, and no judgment should be rendered for the costs of those proceedings.

The judgment of the District Court is reversed; and the judgment of the Circuit, affirming that of the County Court, is affirmed; but its judgment for the costs of subpœnas and witnesses, and other proceedings in the trial upon the merits, is reversed. The other judges concur.