Self v. Gowin.

F. M. SELF, Respondent, v. E. M. GOWIN et al.,
Appellants.

Kansas City Court of Appeals, May 8, 1899.

1. **Roads and Highways:** CHANGE OF ROAD ON PETITIONER'S OWN
LAND: PROOF OF NOTICE.  A proceeding to change a public road from
one place to another on a petitioner's own land requires notice to be
given as in the case of new roads, and there must be proof of this
notice in court, and an *ex parte* affidavit of the giving of the notice is
unauthorized and leaves the court without jurisdiction.

2. ———: ———: REMONSTRANTS.  In a proceeding by a petitioner
to change a road from one place on his land to another, there is no
place for remonstrants, yet any one whose interest may be affected
may contest the matter.

*Appeal from the Dallas Circuit Court.*—HON. ARGUS
Cox, Judge.

REVERSED.

LEVI ENGLE for appellants.

(1)  The court erred in admitting the so-called return
of W. J. McCullough to notice of change of road.  It was
merely the unauthorized *ex parte* affidavit of a private indi-
vidual, nowhere known or recognized by the statute.  The un-
authorized return of an officer is not even *prima facie* evi-
dence.  Horton v. Railroad, 26 Mo. App. 349; Parker v.
Evans, 23 Mo. 67.  Where section 7798, Revised Statutes,
speaks of "proof of notice given" it certainly has reference to
competent testimony authorized by law, offered in open court
only, for it is to be made after the petition is presented to the
court.  (2)  The motion to dismiss ought to have been sus-
tained for want of jurisdiction of the county court, which had
none because its record must show how notice was given  and

jurisdiction acquired. Fisher v. Davis, 27 Mo. App. 321, par. 3; Taylor v. Todd, 48 Mo. App. 550; Zimmerman v. Snowden, 88 Mo. 218; Harris v. Hunt, 97 Mo. 571.

W. R. SELF and SCOTT & HAWKINS for respondent.

(1) The rights of these parties were not in issue and they are not properly parties to this action. Wells v. Harris, 137 Mo. 512; Overbeck v. Galloway, 10 Mo. 364; Foster v. Dunklin, 44 Mo. 216. (2) No remonstrance should be permitted, as the remonstance provided for in section 7798, Revised Statutes 1889, does not apply to changes petitioned for under section 7818, Revised Statutes 1889. This is plainly shown by the amended section. Session Acts 1895, p. 249. Only those who have a personal interest can file objections under section 7818, Revised Statutes 1889. (3) As the appellants are not proper parties to this cause, the judgment of the circuit court is for the right party and should be affirmed. Foster v. Dunklin, 44 Mo. 216; Orth v. Dorschlein, 32 Mo. 366; Crocker v. Mann, 3 Mo. 472; Dube's Heirs v. Smith's Heirs, 1 Mo. 313.

ELLISON, J.—The plaintiff began proceedings in the county court of Dallas county to change a public road on another line on his own land under the provisions of section 7918, Revised Statutes 1889. The county court granted the change and defendants, as remonstrants, appealed to the circuit court where plaintiff was again successful. Defendants appeal to this court.

Among several other points was one of there being no proof in the case of notice having been given of the petitioner's application for the change. The statute authorizing the proceedings requires that notice shall be given as in case of new roads. In case of new roads twenty days notice must be given by posting up three written or printed hand

ROADS and highways: change of road on petitioner's own land: proof of notice.

bills, in three public places in the township, one at the proposed beginning and one at the proposed ending of the proposed road. Section 7797, Revised Statutes 1889. There must be proof of this notice in court. Sec. 7798. In the case before us the only proof of notice consisted in an affidavit taken before a notary public made by J. W. McCullough and attached to the paper. This was not proof of notice. The return of service by one not authorized to make a return is not evidence. It has no official character and is nowhere provided for by the statute. The affidavit was *ex parte* and unauthorized. The county court was, therefore, without jurisdiction and the petitioner's application should have been dismissed.

It is suggested that the parties styled "remonstrants" had no standing in court and that their objections should not be noticed. We are inclined to the opinion that ——: ——: remonstrants. in a proceeding of this kind for the change of a road on one's own land as provided by section 7818, there is no standing for a remonstrance in the sense provided for in section 7798 which concerns the opening of new roads or the ordinary change of old roads. But this does not prevent any one whose interests may be affected from making a contest in the matter. The object in requiring notice is certainly to invite objection, in court, if there is any. We therefore hold the objections to this proceeding were properly permitted to be made by the parties interested therein.

It is not necessary to notice other points discussed by counsel since the judgment must be reversed and petition dismissed. All concur.