# CHARLES A. SCHROEDER, Respondent, v. FREDERICK L. JABIN et al., Appellants.

### St. Louis Court of Appeals, April 15, 1902.

1. **County Court: PETITION FOR CHANGE OF PUBLIC ROAD: REMONSTRANCE TO PETITION.** Under section 9447, Revised Statutes 1899, no special provision is made for a remonstrance; but it is a part of the State's general scheme of road and highway legislation and should be construed as in *pari materia* with the other sections in regard to opening, changing or vacating roads (Revised Statutes 1899, section 9414, et seq.).

2. ———: ———: ———. No provision for a remonstrance being made by section 9447, Revised Statutes 1899, on which the proceeding in the case at bar is founded, and the whole matter of highways being regulated by statute, none is authorized unless the authority is derived by construction from section 9416, Revised Statutes 1899; but if found there it must be the remonstrance therein allowed, to-wit: by twelve freeholders.

3. ———: ———. And in the case at bar, the protest by seven freeholders was not one to be entertained by the county court.

4. ———: RIGHT OF APPEAL FROM COUNTY COURT. An appeal is a purely statutory remedy and only exists in those cases specified or reasonably implied by the statutes, and this is true of appeals in road cases, such as the one at bar.

5. ———: ORDERING CHANGE OF ROAD IS A MINISTERIAL ACT OF THE COUNTY COURT. Ordering a chance of the direction of a highway is regarded as a ministerial act of the county court from which no appeal lies unless a special damage is suffered by the appellant, as by the taking of land belonging to him.

Appeal from Lincoln Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

**AFFIRMED.**

*Norton, Avery & Young* for appellants.

We shall not waste our own time or delay the court by making an extended brief and argument in this case. The decision of the lower court in dismissing the appeal is in direct conflict with the doctrine of the Court of Appeals in the case of Self v. Gowin, 80 Mo. App. 398.

*Martin & Woolfolk* for respondent.

(1) The circuit court of Lincoln county properly declared the law of this case when it sustained the motion to dismiss the appeal "For the reason no right of appeal is permitted to defendants, under this proceeding defendants having no interest in said matter." Overbeck & Shaw v. Galloway, 10 Mo. 364; County of Cooper v. Geyer, 19 Mo. 257; Givens v. McIlroy, 79 Mo. App. 671; Cummings v. City of St. Louis, 90 Mo. 259; Foster et al. v. Dunklin, 44 Mo. 216; Bliss on Code Pleading, sec. 81; Martindale v. Railroad, 60 Mo. 509. (2) Only those whose private rights are affected, whose property is taken, have the power of appeal. Givens v. McIlroy, 79 Mo. App. 671; Kitchell v. Electric Ry. Co., 79 Mo. App. 340; Overbeck & Shaw v. Galloway, 10 Mo. 364; 10 Encyclopedia Pleading and Practice, p. 897; Foster et al. v. Dunklin, 44 Mo. 216. (3) Section 9419 only applies to changes of public roads as contemplated and provided for in section 9414, Revised Statutes 1899, when the petition for change of road may be met by a remonstrance of twelve or more freeholders residing in the township or townships through which the proposed change of road may run. (4) In the case at bar, there are six objectors signing what they term a remonstrance. So it is seen that their argument can not be good, even though we concede the point that a remonstrance can be prosecuted in this case, which we do not concede. Appellant's contention is especially untenable for the stronger reason that this is a proceeding under section 9447, Revised Statutes 1899, for change of road wholly on land owned

by the petitioner for the purpose of inclosure and cultivation, and is not *in pari materia* with sections 9416 and 9448, Revised Statutes 1899. The right of appeal from the county court to the circuit court does not lie in this class of cases. Section 9419, R. S. 1899; Overbeck & Shaw v. Galloway, 10 Mo. 364; Aldridge v. Spears, 101 Mo. 400; Railroad v. City of St. Louis, 92 Mo. 160.

GOODE, J.—On the thirteenth day of November, 1899, Charles A. Schroeder filed in the county court of Lincoln county, a petition for a change of a public road, known as the Troy and Wright City road. This change was asked for the purpose of inclosing certain lands for cultivation and the allegation made that the change would be wholly on the land of the petitioner. On the same day, Fred L. Jabin and six other persons filed in the said county court what they termed a remonstrance. The remonstrants were stated to be citizens and resident freeholders of Clark township in said county, of whom three lived in the immediate vicinity of where the road was proposed to be changed. They objected to the change of road, first, for the reason, as they said, that the change would be unwise and impolitic and would deprive the public of the use and advantage of the ford at Big Creek, where the road crosses.

Second. Because said vacation or change would not comply with the terms under which the bridge in the immediate vicinity of said road was erected.

Third. Because remonstrators said the existence of the road now traveled, leading from the Troy and Wright City road north of Big Creek to the bridge and from the bridge back to said road on the south side of Big Creek, would be endangered by any action of the court granting said change.

The case was tried in the county court on these pleadings and by appeal in due form found its way to the circuit court

Vol 94 app—8

of Lincoln county. When the case was called for trial in the circuit court at the October term, 1901, the respondent herein filed his motion to dismiss the appeal, which said motion is as follows:

"First. Because the court has no appellate jurisdiction over the subject-matter of the suit.

"Second. Because F. L. Jabin et al. who were made parties defendant to this suit, are not parties in interest in the subject-matter of this suit and have no legal right or standing as parties defendant to this suit.

"Third. Because no remonstrance was ever filed in the county court of Lincoln county, Missouri, signed by twelve or more freeholders residing in the immediate neighborhood of the proposed change of road.

"Fourth. Because in this class of cases no right to appeal lies in appellants from the county court."

The court made an order of record sustaining the motion and entered upon its record the following judgment:

"Now here on this day come the parties to this suit by their respective attorneys and the motion to dismiss appeal heretofore filed being taken up and submitted to the court, is by the court sustained for the reason no right to appeal is permitted a defendant, under these proceedings, defendants having no interest in this matter."

To the action of the court in sustaining said motion to dismiss the appeal and entering said judgment, appellants herein at the time excepted and saved their exception; and afterwards, on the same day in which said motion to dismiss was sustained, during the same term of court and within four days from the judgment of said court dismissing said appeal, the appellants herein filed their motion for a rehearing, which was overruled and the cause appealed to this court.

The petition to have the road changed is based on section 9447 of the Revised Statutes, which is as follows:

"Any person wishing to cultivate or inclose land through

which any road may run, may petition the county court, first giving notice as in the case of new roads, for permission to turn such road on his own land or the land of any other person consenting thereto, at his own expense. The court shall thereupon cause the road commissioner to view the same and report the practicability of the proposed change, and distances and situation of the ground and proposed changes, at the first term of the court thereafter; and if, upon the report, the court be satisfied that the public will not be materially injured thereby, it shall order such change, and upon satisfactory proof of such road being opened in such manner as to be equally convenient to travelers, the court shall make an order vacating so much of the former road as lies between the different points of intersection, and cause the report thereof to be recorded."

No special provision is made for a remonstrance in a proceeding on that statute; but it is part of the State's general scheme of road and highway legislation and we think should be construed as *in pari materia* with the other sections in regard to opening, changing or vacating roads. R. S. 1899, sec. 9414, et seq. Otherwise, it seems impossible to give the provisions of this particular statute for diverting the direction of a road on a petitioner's own land a construction at once effective and reasonable. Twelve freeholders must protest against a proposed road change in other cases, to give the remonstrance a standing before the county court (R. S. 1899, sec. 9416) and a protest by a less number would not be entitled to consideration. No provision for a remonstrance being made by section 9447 on which this proceeding is founded, and the whole matter of highways being regulated by statutes, none is authorized unless the authority is derived by construction from section 9416; but if found there it must be the remonstrance therein allowed, to-wit; by twelve freeholders. We think, therefore, the protest by seven freeholders was not one to be entertained by the county court.

Neither do we find anything in the record that would

give the seven protestants, or one or more of them, the right of appeal. An appeal is a purely statutory remedy and only exists in those cases specified or reasonably implied by the statutes; and this is true of appeals in road cases. Aldridge v. Spears, 40 Mo. App. (K. C.) 527, 101 Mo. 400. No statement or showing was made that property of these protestants would be taken or damaged by the proposed diversion of the course of the road through the petitioner's farm. Their objections are that the change of course would be unwise, would deprive the public of the use of a certain bridge and endanger the existence of another road.

Perhaps twelve remonstrants might appeal if they sustained no special damage because of their statutory right to remonstrate; as to that we do not decide. But if fewer than twelve would appeal, they must show a special injury that will be sustained by them besides what the public at large will sustain. Overbeck v. Galloway, 10 Mo. 364; Foster v. Dunklin, 44 Mo. 216; Aldridge v. Spears, 40 Mo. App., supra; Givens v. McIlroy, 79 Mo. App. (St. L.) 671.

It seems that ordering a change of the direction of a highway is regarded as a ministerial act of the county court from which no appeal lies, unless a special damage was suffered by the appellant, as by the taking of land belonging to him. Aldridge v. Spears, 101 Mo. 400. We can think of no circumstances in which an exception to this rule would be allowed, unless possibly when twelve freeholders have remonstrated.

The decision by the Kansas City Court of Appeals in Self v. Gowin, 80 Mo. App. 398, is claimed to announce a different rule; but it is likely the remonstrants in that case had some peculiar interest and sustained a peculiar injury by the change of road.

The judgment is affirmed.    All concur.