ROBERT M. HOWE, Respondent, v. JAMES W.
CALLAWAY et al., Appellants.

Kansas City Court of Appeals, July 2, 1906.

1. ROADS AND HIGHWAYS: Appeals: Statute.   If a right of
   appeal exists in a road proceeding, it must be founded on a
   statute.

2. ———: County Court: Appeal: Certiorari: Trial De Novo. Ex-
   clusive original power is given to the county courts in road mat-
   ters and a right of appeal does not exist since such appeal
   amounts to no more than a certiorari unless under the statute
   enlarging the right of appeal, a trial *de novo* is granted in the
   circuit court.

3. ———: Turning a Road on a Petitioner's Land: Appeal:
   Statute.   Changing a road on one's own land under section 9447,
   Revised Statutes 1899, affects only a public interest and does
   not involve private rights and no appeal lies from the action
   of the county court, nor does such proceeding come within
   the purview of sections 1674 and 1788, Revised Statutes 1899,
   and the county court in such proceeding acts as the adminis-
   trative agent of the public and not in its judicial capacity.
   Cases examined and distinguished.

Appeal from the Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*William H. Chiles* for appellants.

(1)   The action of the court below was based in part upon the opinion that an appeal does not lie from the county court in such cases but that its judgment is conclusive.   The rule now held by our appellate courts is that an appeal will lie in all cases specified in section 9419, Revised Statutes 1899, which includes all cases except where the county court refuses to open, change or vacate a road, which is the only case not specified.   This must be the law because it is "so nominated," even if the courts should fail to give the entire force to the other statute, which is broader, and gives appellate jurisdiction to the circuit court from "all judgments and orders of the county court not expressly prohibited by law."   R. S. 1899, sec. 1774, subdiv. 4; In re Big Hollow Road, 111 Mo. 326; Drainage District v. Jameson, 176 Mo. 564.   (2)   Another error in the circuit court was in sustaining objections to any evidence on the ground that the objectors had no right to appeal in this case.   Under the provisions of the statute concerning the road change provided for in the present case, the St. Louis Court of Appeals has decided that twelve freeholders may remonstrate and appeal.   Schroder v. Jabin, 94 Mo. App. 111.   And the remonstrance in this case complies with that requirement.   This court has however announced the better and more just rule that a less number than twelve may remonstrate, or "any one whose interest may be affected."   Self v. Gowin, 80 Mo. App. 398.   And the remonstrance in this case comes clearly and strongly within that requirement.

*John Welborn* and *John S. Blackwell & Son* for respondents.

(1) Appellants cannot base their right of appeal on section 1674, Revised Statutes 1899. Although that section gives the circuit court jurisdiction from the judgments and orders of the county court, probate courts, and justices of the peace, in all cases not expressly prohibited by law, it has been decided that the limitation of the right of appeal must be left to the interpretation of the courts, for the statute nowhere prohibits appeals from the county court to the circuit court, in any class of cases. Appeals from the county court to the circuit court will lie "only when in the nature of the case the circuit court can try the matter anew, and give judgment as the county court should have given." Section 9419 provides for appeals in road cases, and further provides that the circuit court shall be possessed of the cause, and shall proceed to hear and determine the same anew. It will thus be seen that the Legislature did not intend that appeals in road cases should depend on or be governed by the general statute, but provided for such appeals in a section of the road law, and unless appellants' right to appeal can be found in this section, they have no such right. Sheridan v. Fleming, 93 Mo. 321; Bean v. County Court, 33 Mo. App. 635; State ex rel. v. County Court, 47 Mo. App. 647; Aldridge v. Spears, 40 Mo. App. 527, 101 Mo. 400. (2) We earnestly insist that appellants cannot base their right to appeal on section 9419, Revised Statutes 1899. This section was intended to, and does give a right of appeal only in proceedings for the establishment of new roads and change of roads on the petition of at least twelve freeholders of the township. Section 9414 provides how applications for the establishment of new roads and change of roads shall be made, and what said applications shall contain. Section 9415 provides the way and manner

in which notice of the intended application shall be given. Section 9416 provides for hearing the remonstrance. Section 9417 provides the way and manner in which damages may be assessed, and provides for a trial by jury. Section 9418 provides that upon proceedings had as in these sections, the court shall order the road established and opened. Then, section 9419 provides for the appeal. (3) The case at bar is under section 9447. That section provides that any person wishing to cultivate or enclose land through which any road may run may petition the county court, first giving notice, for permission to turn such road on his own land at his own expense. No provision is made for a remonstrance. No provision is made for assessment of damages. No provision is made for a trial by jury. No provision is made for appeal. This is a separate and independent section, entirely distinct from and forming no part of the scheme for establishing new roads or changing old ones. State ex rel. v. Woodson, 128 Mo. 497; Thomas v. Ins. Co., 89 Mo. App. 12. The county court was acting as the agent of the county and in its administrative capacity. In re Saline Co. Subscription, 45 Mo. 54; Aldridge v. Spears, 40 Mo. App. 527, 101 Mo. 400.

ELLISON, J.—This proceeding is an application to the county court of Lafayette county to turn a public road where it runs through the petitioner's land to another part of his land. There was a remonstrance of twelve freeholders. The petition was referred to the road commissioner who made his report thereon. Afterwards the county court made an order turning the road as asked and the remonstrants appealed to the circuit court. In the latter court the appeal was dismissed on the ground that no appeal would lie in such case. The remonstrants thereupon brought the case here.

The proceeding is based upon the following statute (section 9447, Revised Statutes 1899): "Any person wishing to cultivate or enclose land through which any

road may run, may petition the county court, first giving notice as in the case of new roads, for permission to turn such road on his own land or the land of any other person consenting thereto, at his own expense. The court shall thereupon cause the road commissioner to view the same and report the practicability of the proposed change, and the distances and situation of the ground, and proposed changes, at the first term of the court thereafter; and, if upon the report, the court be satisfied that the public will not be materially injured thereby, it shall order such change, and upon satisfactory proof of such road being opened in such manner as to be equally convenient to travelers, the court shall make an order vacating so much of the former road as lies between the different points of intersection, and cause the report thereof to be recorded."

The sole question presented by counsel is the right of appeal. If the right exists at all it must be founded upon the statute. We decided a case under this statute, brought here on appeal, but the question of a right to appeal was neither presented nor considered. [Self v. Gowin, 80 Mo. App. 398.] The right of appeal was denied to less than twelve remonstrants in Schroeder v. Jabin, 94 Mo. App. 111, but it was not decided whether twelve would have had the right.

A careful examination of the question has satisfied us that the circuit court took the correct view of the law in deciding that there was no right of appeal from the county court. There are several sound reasons sustaining that view. As before remarked the right of appeal must be based on the statute. Exclusive original power is given to the county court in road matters and formerly the right of appeal, practically, did not exist as such appeal amounted to no more than a *certiorari*. There was no trial anew in the circuit court and if the county court had followed the forms of law, its decision was final. A statute, however, has been interposed enlarging the right of appeal in certain cases and pro-

viding for a trial *de novo* in the circuit court. So that now the right of appeal is considered not to exist unless it could accomplish some practical purpose by being tried anew in the circuit court, and when no new trial is provided for, no appeal can be taken. [Scott Co. v. Leftwich, 145 Mo. 26; Sheridan v. Fleming, 93 Mo. 321; St. Louis Ry. Co. v. St. Louis, 92 Mo. 160.]

Applying this rule to the present case, we find that proceedings of this nature are based upon a special provision of the road law, which we have set out above. In that provision there is no right of appeal granted, nor is there any provision for any further hearing beyond the county court. The Legislature has provided for appeals in road cases and for trials anew in the circuit court in certain cases. [Section 9419, Revised Statutes 1899, viz., where damages are assessed, or a road is opened, changed or vacated.] But clearly, those specifications of the right of appeal contemplate cases where there may be *contesting parties,* not cases in which no provision is made for such contests. Thus section 9416, provides for a remonstrance and contest over the establishing of new roads, or changing existing roads, and section 9448 provides for the same thing in the vacation of roads already established. But the statute upon which this proceeding is had, is not to change a road, or to vacate a road, in the sense used in section 9419, providing for appeals, and the other sections providing for contests by remonstrants. The purpose of the statute upon which this proceeding is based is to *"turn"* a road from one part of a man's land to another and no remonstrance is contemplated and no remonstrants are recognized as contestants, since no provision is made for either. It is plainly a special, separate and independent provision appearing in the road law for the benefit of the individual landowner, who must make the change himself and at his own expense. He is only required to obtain the consent of the county court. And to the end that that court may be properly advised as to the truth

of the petition and that "the public will not be materially injured" and that the road, as turned, will "be equally convenient to travelers," it is provided that notice must be given to the public so that the public may be protected by having an opportunity of giving the court whatever information is required. But in none of this, is there any suggestion of an adversary proceedings, whereby individuals are authorized, as a matter of individual right, to appear and have a trial with the right of appeal. It was in the sense of furnishing the court with information as to the interest of the public, that we stated in Self v. Gowin, 80 Mo. App. 398, that objecting parties who felt an interest, might go into the county court.

It seems to us that the question has been directly passed upon by the Supreme Court. The case of Overbeck v. Galloway, 10 Mo. 364 (approved in Foster v. Dunklin, 44 Mo. 216), was, like this, an application for permission to turn a public road from one part of Overbeck's land to another. Galloway came into the county court and undertook to have himself made an adversary party. The court said that "In the establishment of new roads, or the changing of roads already established, or the vacation of existing roads, wherever it is probable that individual or private rights will be affected, the statute provides for the making of such individual parties by summoning them to appear and show cause if any they have or can, why the prayer of the petitioners should not be granted. But where, as in this case, a change in the road is desired for cultivation, and the change is upon the land of the petitioner, and the objection to the change is based upon the supposed injury to the public convenience, the statute does not prescribe any method by which that interest may be protected against the unwise or injudicious action of the county court." The statute of 1845, article 1, chapter 151, under which that case was decided, is practically iden-

tical with the present statute. The same distinction existed then as now, between opening new roads, or changing roads already established, or vacating existing roads, and the mere turning a road from one place to another on the petitioner's land.

But the parties appealing in this case, have not only charged in their remonstrance that to turn the road as proposed, would injuriously affect the public interest, but that it would also particularly damage them, in that it is their only road leading to Lexington, which is their post office and place of market, as well as railway station; and that if the road is turned as proposed, it will be "a heavier graded and rougher piece of road" over which they will be compelled to travel in going to Lexington, and that, in consequence, their lands will be damaged ten dollars per acre.

There are two reasons why such objections cannot be allowed to be of any controlling force in disposing of the question before us. First, the statute, upon which this proceeding is founded does not authorize an inquiry whether private interests will be affected. The statute reads that if "the court be satisfied that the *public* will not be materially injured" it shall order the change, and "upon satisfactory proof of such road being opened in such manner as to be equally convenient to *travelers,*" it shall close the old road. Thus leaving out of view any supposed inconvenience to particular individuals.

Second, the Supreme Court has decided in Overbeck v. Galloway, supra, that the special injury claimed by the parties appealing this case, does not disclose the kind of private interest, as distinguished from the interest of the general public, as entitles them to an appeal. The court adopts the following language used by the Supreme Court of Kentucky in Cole v. Shannon, 1 J. J. Marsh 218, an analogous case, where the owner of land objected to the discontinuance of a road through his land by the county court, viz., "The interest which

the owner of the land has, in a public highway passing through it, is of no other kind than that which every citizen may claim. The road is established for the public convenience. One man has as much right to use it as another. And the rights of all are precisely the same; and therefore, although one may use it more than another, or may be more benefited by its use, the interest of all is the same in quality. If one prosecute a writ of error, therefore, another has an equal right to do it. Owning the land through which a public road passes, gives to the owner no exclusive or peculiar right to the road.

"The road may be very advantageous to him, and furnish facilities which may greatly enhance the value of his land; so may the contiguity or proximity of a highway, or bridge, or ferry to the land of an individual, increase the value of the land, and therefore its discontinuance may subject him to inconvenience and loss. His interest in the road, or bridge, or ferry, would be greater in quantity than that of an individual who owned no lands; so one who makes frequent use of a privilege granted to the public, may be considered as possessing a greater degree of interest than another, who, although he has an equal right, does not make the same, or any use of his privilege.

"In all these cases, the interest of all the persons who have been designated, would be the same in kind, although very different in degree. Any one or none of them, therefore; may complain to this court. It is admitted that no one who owns no land through which the road runs, can complain, hence, Cole and O'Harra cannot appeal in this case. The road did not belong to them. They had no franchise in it. They had no other right to it than that which was common to all others."

An individual, through whose land a road may have been established, may prosecute a writ of error to reverse the order establishing it, because by its establishment, he is deprived of the use of the land over which

it passes. And therefore, he is divested of an exclusive and vested interest in his freehold. But one who desires a road to be established to run through his land, cannot procure the reversal of an order overruling his motion to establish it, because the refusal does not take from him any right. It would seem to result, therefore, if there were no other reason for it, that he could not ask the reversal of an order discontinuing a road through his land. If he can have no right to have it established, he can have none to prevent its discontinuance. The public convenience must be consulted. And the common will, represented by the county court, must prevail over individual advantages and wishes. The advantages which any one derives from a highway, are adventitious. The duration of their enjoyment depends on the continuance or discontinuance of the road, and this depends not on the will or interest of an individual, but on the common good, and public sentiment. If any individual could be vested with any right to a road as a franchise or freehold, he might be entitled to a reversal of an order for its discontinuance. But the appellants have no such right.

And so we held in Aldridge v. Spears, 40 Mo. App. 527 (s. c., 101 Mo. 400) that among other reasons why petitioners could not appeal from an order of the county court refusing to open a new road, was they had no such special interest, as distinguished from the general public, as would entitle them to an appeal.

There are, however, two sections of the statute referring generally to appeals, which are invoked here. One is section 1674, Revised Statutes 1899, giving to circuit courts appellate jurisdiction of all orders and judgments of county courts; and the other is section 1788, Revised Statutes 1899, providing that on all appeals from the county court to the circuit court the latter shall try the case anew. But these sections do not abate the force of what we have just written as to the right of a party to appeal. Section 1674 does not give

the circuit court appellate jurisdiction of the non-appealable matter; nor does section 1788, authorize a trial anew of any matter not properly appealable.

We may add another suggestion in support of the ruling of the trial court. In the present proceedings the county court did not act in its judicial capacity and it is only from proceedings in their nature judicial that an appeal may be had. [Aldridge v. Spears, 101 Mo. 400; s. c., 40 Mo. App. 527.] The property of neither of the parties claiming a right to this appeal has been taken. The necessity, all things considered, for a turn of a road from one part of a petitioning owner's land to another part of his land has been left to the administrative care of the county court (Aldridge v. Spears, supra; Scott County v. Leftwich, 145 Mo. 26; St. Louis Ry. Co. v. St. Louis, 92 Mo. 160), in which instance there is no appeal.

We have examined the cases referred to by appellants not before noticed, but find them without application. The statute upon which King's Lake District v. Jamison, 176 Mo. 557, was decided provided for a contest between the parties as well as for an appeal. The statute considered in that case contains the essentials which we have shown do not appear in the statute under consideration here. And the same may be said of the case of In re Big Hollow Road, 111 Mo. 326. As already stated, the only thing decided by the St. Louis Court of Appeals in Schroeder v. Jabin, 94 Mo. App. 111, was that less than twelve objectors could not appeal a proceeding brought under this statute. It is true that in a course of reasoning in the opinion it is suggested that there might be a remonstrance under the statute now considered. But the court said (italics, ours) that "No provision for a remonstrance being made by section 9447, upon which this proceeding is founded, and the whole matter of highways being regulated by statutes, none is authorized *unless* the authority is derived by construction from section 9416; but *if* found

there, it must be the remonstrance therein allowed, to-wit, by twelve freeholders."

The judgment will be affirmed.    All concur.