In the Matter of the Vacation of a ROAD-
WAY IN SECTION 21, TOWNSHIP
60, RANGE 6, WEST.

August J. MAST and Clara C. Mast, his wife;
Alvin Klauser and Irene Klauser,
his wife, Respondents,

v.

Leo G. DETERS and Dorothy G. Deters,
his wife, Appellants.

No. 49132.

Supreme Court of Missouri,

Division No. 1.

June 11, 1962.

J. Patrick Wheeler, Canton, for appellants.

Richard DeCoster, Canton, and Earl L. Veatch, Monticello, for respondents.

HOLMAN, Commissioner.

Respondents filed a petition in the County Court of Lewis County, Missouri, seeking to enclose about 500 feet of roadway running through their land which had been relocated by the construction of a new road. The relief was sought under the provisions of § 228.160 (unless otherwise indicated all statutory references are to RS Mo 1959, V.A.M.S.). The required notice was given and appellants, Leo G. and Dorothy G. Deters, filed a remonstrance. The county court held a hearing and on December 2, 1960, the court made an order vacating said roadway and authorizing respondents to enclose same. Thereafter, appellants filed a notice of appeal in the Circuit Court of Lewis County in which they sought to appeal from the aforementioned order of the county court "under the provisions of Chapter 536, RSMo." Respondents filed a motion to dismiss the appeal which was sustained by the circuit court. The Deterses have duly appealed from the order and judgment dismissing their appeal.

The sole question for decision in this court is whether appellants were entitled to a review of the order of the county court under the Administrative Review Act as provided in Chapter 536 (Civil Rule 100, V.A.M.R.). In ruling that question we will assume that the notice of appeal filed by appellants in the circuit court was sufficient to constitute a petition for review under that Act.

As stated, this proceeding was instituted under the provisions of § 228.160, which reads as follows: "Any person wishing to cultivate or enclose land through which any road may run may petition the county court, first giving notice, as in the case of new roads, for permission to turn such road on his own land or on the land of any other person consenting thereto, at his own expense. The court shall thereupon cause the county highway engineer to view the same and report the practicability of the proposed change and distances and situation of the ground, and proposed changes, at the first term of the court thereafter; and if upon the report the court be satisfied that the public will not be in any manner injured thereby, or said road lengthened or the grade thereof increased, or the road thrown on rougher land, it shall order such a change, and upon satisfactory proof of such road being opened in such manner as to be equally convenient to travelers, the court shall make an order vacating so much of the former road as lies between the different points of intersections, and cause the report thereof to be recorded."

■ It will be noted that there is no provision in said section for the filing of a remonstrance and, although a notice is required, there is no specific provision for a hearing by the court. It has long been the holding of the cases that no appeal will lie from an order made under the provisions of § 228.160. Howe v. Callaway, 119 Mo. App. 251, 95 S.W. 974; Teague v. Sanders, Mo.App., 193 S.W. 609. See also Overbeck v. Galloway, 10 Mo. 364, and Foster v. Dunklin, 44 Mo. 216. The theory of these cases is that a proceeding under that section affects only the public interest and does not involve private rights; that persons such as appellants have no greater interest in the matter than the public generally; that the statute does not contemplate an adversary proceeding where individuals, as a matter of right, may appear and have a trial with right of appeal; that notice is required so that the court may be properly advised as to the truth of the petition so that the public interest will be protected.

Appellants contend, however, that the Constitution of 1945 "created county courts as administrative bodies and when such bodies are called upon to hear applications to vacate roadways, and such other matters as county courts are authorized to act upon by law, such courts fall within the definition of 'agency' as made in Section 536.-010," and hence that appellants are entitled to a review of the order in question under the provisions of Chapter 536. No authorities are cited in support of that contention and the matter is not substantially developed in the appellants' brief.

■■ "Since the legislature has power to formulate conditions under which resort to the courts may be had, the persons accorded a right to obtain a review of administrative decisions and orders are to be ascertained from the terms of the statute providing therefor. Not every person who files a protest and is given an opportunity to be heard by the administrative agency has a right to appeal from an order of the agency, but whether a particular person has the right to contest administrative action is largely a question of law, dependent on a number of variable factors, including the nature and extent of his interest, the character of the administrative act, and the terms of the statute." 73 C.J.S. Public Administrative Bodies and Procedure § 176, p. 517.

■ We have concluded that the trial court ruled correctly in dismissing the ap-

peal. In considering this matter we have assumed that the county court is a body which would come within the definition of "agency" as contained in § 536.010, and we note that, while § 228.160 contains no provision for review, provision is specifically made in § 228.120 for a judicial review in the manner prescribed by Chapter 536 of orders of the county court relating to certain other road matters. Our view is that appellants did not have sufficient individual rights and interests involved in order to entitle them to a judicial review of the order in question. Their only interest was as a user of the road. While they might have used the road more than certain other persons in the community their legal interest was, nevertheless, the same as that of the public generally. The cases heretofore cited hold that this is not an adversary proceeding and that it involves the public interest and not private rights. Article 5, § 22, Constitution of Missouri, 1945, V.A.M.S., provides, in part, as follows: "All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial *and affect private rights,* shall be subject to direct review by the courts as provided by law." (Emphasis added.)

▮ Statutory provision for a judicial review in a "contested case" is contained in §§ 536.100 and 536.140. A "contested case" is defined in § 536.010 as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." It is obvious from a consideration of that definition and from what we have heretofore said that appellants were not entitled to a judicial review of the order in question on the theory that it was a "contested case."

▮ The provision for review in cases other than "contested cases" is contained in § 536.105 wherein it is stated that "When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, *determining the legal rights, duties or privileges of any person,* including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action * * *." (Emphasis added.) In construing that section we have stated that it "clearly comprehends only decisions involving individual rights and interests." May Department Stores Co. v. State Tax Commission, Mo.Sup., 308 S.W.2d 748, 756. In the May case it was held that a landowner appealing from a specific valuation could not obtain a review of the annual order of inter-county equalization made by the State Tax Commission.

We have heretofore held that the order of the county court herein did not involve appellants' individual rights and interests. It is therefore apparent that appellants were not entitled to a judicial review under the provisions of § 536.105. Furthermore, it would appear from the instrument or type of pleading filed by appellants in the circuit court that they were not attempting to come within the provisions of that section.

It follows from what we have heretofore said that appellants were not entitled to appeal from the order in question and were not entitled to a judicial review thereof under the provisions of Chapter 536.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.