**Ervin DAVIS, et al., Respondents,**

v.

**ST. CHARLES COUNTY, Missouri, et al., Appellants.**

**Nos. ED 90063, ED 90064.**

Missouri Court of Appeals, Eastern District, Division One.

March 4, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 2008.

Application for Transfer Denied May 20, 2008.

Harold A. Ellis, St. Charles, MO, for
appellants St. Charles County and members of the St. Charles County Council.

David T. Hamilton, Nicholas J. Komoroski, St. Charles, MO, for appellant Hyland Green, LLC.

Daniel M. McLaughlin, Kirkwood, MO, for respondent Ervin Davis.

Richard W. Fischer, O'Fallon, MO, for respondents James & Sheila Blechle.

Paul & Lynda Palmer, Norman & Janette Monds, John & Dixie Dickmeyer, Audrey Davis, Roger & Donna Campbell, Walter & Martha Molitor, Robert & Elanor Hinman, John, Jim, Sarah & Eileen Crain, William & Connie Winkler, Robert & Jennifer Moore, Larry & Patricia Bauer, respondents acting pro se.

KENNETH M. ROMINES, Judge.

### Introduction

This case involves a dispute over a county's decision to vacate a road. Remonstrators are a group of residents of St. Charles County who opposed the road's vacation and successfully challenged the county's decision in the Circuit Court of St. Charles County, the Honorable Lucy D. Rauch, presiding. The County appeals, and here we decide whether judicial review of the County's decision in this instance is permitted by the Missouri Administrative Procedure Act ("MAPA"). We hold that it is not, because Remonstrators are not "aggrieved" as required by MAPA. We reverse and remand to the circuit court with instructions to dismiss for lack of standing.

### Factual and Procedural Background

In May 2005, twelve residents ("Petitioners") of the township through which Koch Road runs filed a petition under Section 228.110 [1] for the vacation of two parts of Koch Road. On 13 June 2005, thirty-eight residents ("Remonstrators") of the township filed a remonstrance in opposition to the vacation of Koch Road, pursuant to Section 228.110.3. On 19 January 2006, the St. Charles County Council held a hearing on the petition.

The parties presented evidence showing that Hyland Green is a subdivision in O'Fallon, Missouri, which is located in St. Charles County. Koch Road is a county road running through the subdivision. Hyland Green constructed a new road, called "New Koch Road," as part of the development of the subdivision. Both roads run north and south and provide access to Highway P. The plan for vacation was to remove two sections of Koch Road and to divert the traffic onto New Koch Road, creating a new right of way through the neighborhood to Highway P. Remonstrators presented evidence that drivers were still using the older road and that it was not in need of repair at the time of the hearing. Petitioners presented evidence showing that the older road did not meet current geometric or safety standards, and New Koch Road met or exceeded all standards. Petitioners also presented evidence showing that Hyland Green paid for the construction of New Koch Road, which the City required as a condition of its approval of the subdivision.

The county council made findings that the new road is much safer than the older road and stated that "[i]t would be good policy to vacate a road that is below standard in terms of its geometrics; and potentially hazardous in terms of its safety;

and below capacity." The county council granted the petition to vacate, and Remonstrators appealed. Hyland Green intervened as a respondent. The circuit court reversed, and the County and Hyland Green appealed.

### Standard of Review

A county council is an administrative body. *Burrows v. County Court of Carter County*, 308 S.W.2d 299, 302 (Mo.App. 1957). This was a contested case, and our review is governed by Section 536.140.2. We review the judgment of the council, and not of the circuit court. *See Cunningham v. Bd. of Aldermen of City of Overland*, 691 S.W.2d 464, 466 (Mo.App. E.D. 1985).

Remonstrators raise two points on appeal, arguing that St. Charles County Council erred in granting the petition to vacate portions of Koch Road because Petitioners did not prove the threshold requirements for vacation in Section 228.110. Hyland Green argues both that Remonstrators do not have standing to appeal the decision of the county council, and that Remonstrators' appeal is barred by the doctrine of laches. Because the standing issue is dispositive, we address only that point.

### Discussion

■■■ "Standing is a jurisdictional matter antecedent to the right to relief." *Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo.2002). "Where, as here, a question is raised about a party's standing, courts have a duty to determine the question of their jurisdiction before reaching substantive issues, for if a party lacks standing, the court must dismiss the case because it does not have jurisdiction of the substan-

---

1. All statutory references are to RSMo.2000    unless otherwise indicated.

tive issues presented." *Id.* "Lack of standing cannot be waived." *Id.*

### Controlling Standing Provisions

Chapter 228, RSMo. governs the process by which a county vacates a road. Section 228.110 requires a group of residents to file the petition for vacation, and it allows any opposing group of residents to file a remonstrance against the vacation. Section 228.120 regulates appeals of the county's decision. It calls for judicial review "to the same extent and in the manner prescribed by chapter 536, RSMo." Section 228.120.2. The issue here is whether chapter 536 controls appeals under chapter 228 in the same way it controls appeals in all administrative cases. We hold that it does.

Both parties dissect the holdings of various cases concerning road vacation in support of their positions. However, the parsing of phrases and giving of definitional status to words from opinions is not helpful. The statute controls, and our analysis concerns its words.[2] Therefore, we note that although chapter 228 provides for a group of residents to both petition for vacation of a road and to remonstrate against it, chapter 228 does not grant an automatic right of appeal to any of those residents. *See Mo. Nat'l Educ. Ass'n v. Mo. State Bd. of Educ.*, 34 S.W.3d 266, 276 (Mo.App. W.D.2000) ("Not every person who files a protest and is given an opportunity to be heard by the administrative agency has a right to appeal from an order of the agency[.]"); *St. Joseph's Hill Infirmary, Inc. v. Mandl*, 682 S.W.2d 821, 824

**2.** However, we note that the main case the parties discuss is *Ross v. Conco Quarry, Inc.*, 543 S.W.2d 568 (Mo.App. E.D.1976), and it supports our conclusion. After a detailed and instructive history of our state's law concerning road vacation, Judge Hogan focused on the current version of section 228.120.2 and its purpose. He pointed out that the General Assembly amended chapter 228 to bring it into conformity with Mo. Const. Art. V, section 22. Today, that is Art. V, section 18, and it states in part, "All final decisions, findings, rules and orders on any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law[.]" Chapter 536 of MAPA codifies the procedure for judicial review authorized by this constitutional provision. *See In re Roadway in Section 21, Tp. 60, Range 6, W.*, 357 S.W.2d 919, 921–922 (Mo.1962). Therefore, the current version of § 228.120 is there to conform to MAPA and no longer creates an exclusive right of appeal. *See Ross*, 543 S.W.2d at 575 (stating the General Assembly is presumed to know that before 1949, section 228.120 created a mandatory and exclusive right of appeal, and thus the General Assembly's amendments intended to change that).

Remonstrators assert that *Ross* establishes that only the procedure and scope of review

from chapter 536 are to be used, based on one sentence from the opinion: "In our opinion the phrase 'to the same extent' refers to the scope of review and the phrase 'in the manner' refers to the procedure for obtaining review." *Ross*, 543 S.W.2d at 575. However, this was part of a discussion actually expanding the applicability of chapter 536 and pointing out that § 228.120.2 no longer contains an exclusive right of appeal in road vacation cases. For example, the opinion notes "that the statute expressly refers ... to chapter 536 and not merely to one section in that chapter...." 543 S.W.2d at 575. *Ross* involved a challenge to the *procedure* for obtaining review; it did not go on to analyze standing under chapter 536. References in the opinion to the "private rights" of the quarries, or lack thereof, do not qualify as such an analysis, because the court was discussing § 49.230 and the requirements for standing under that section. § 49.230 has since been amended to require standing to be analyzed under chapter 536. To the extent that the court discussed the lack of a particularized interest, it was under the more restrictive approach embodied in the former version of § 49.230 and does not apply to our standing analysis under chapter 536, which is now the standard for all administrative appeals.

(Mo.App. E.D.1984) (same). Rather, by its own terms, standing to appeal a county decision under chapter 228 is governed by chapter 536.

Furthermore, where roads go is a policy decision. Courts do not make policy decisions, nor do they render opinions on whether a particular policy decision was appropriate as long as it was lawful. Courts exist to make injured parties whole. In order for a court to get involved in a county's policymaking in any fashion, a party must have been harmed by that county's action. *See Metro Auto Auction v. Dir. of Revenue,* 707 S.W.2d 397, 400 (Mo.1986) (explaining that the doctrine of standing is related to the doctrine prohibiting advisory opinions). Just as courts do not substitute their judgments for that of the legislature in making policy, *Greenlee v. Dukes Plastering Serv.,* 75 S.W.3d 273, 277–78 (Mo.2002), we should not substitute our judgment for the county's decision in a road placement unless a party has been injured. To do so would undermine the county's policy determination and would render our opinion advisory.

### Standing Analysis

▮ Chapter 536 grants judicial review to "[a]ny person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case." Section 536.100. This was a contested case, and the county court is considered an agency. *See Burrows v. County Court of Carter County,* 308 S.W.2d 299, 302 (Mo.App.1957). Therefore, Remonstrators must show they were "aggrieved" by the action of the county court. In order to do so, they must "demonstrate a specific and legally cognizable interest in the subject matter of the administrative decision and that the decision will have a direct and substantial impact on that interest." *City of Eureka v. Litz,* 658 S.W.2d 519, 522 (Mo.App.E.D. 1983). "The decision must operate prejudicially and directly upon [Remonstrators'] personal or property rights or interests and such must be immediate and not merely a possible remote consequence." *Id.* The right or interest must be one the law protects. *St. Joseph's Hill Infirmary v. Mandl,* 682 S.W.2d 821, 824 (Mo.App. E.D. 1984). The decision must have an effect on Remonstrators' interests that is distinct from the effect on the general public. *Palmer v. St. Louis County,* 591 S.W.2d 39, 41 (Mo.App. E.D.1979).

First, Remonstrators' asserted interest is essentially their use of Koch Road. None of the Remonstrators, save one, owns land adjacent to either the new road or the old one. None of the Remonstrators have claimed that the vacation of Koch Road has disrupted or damaged any interest in their real or personal properties.[3] Furthermore, the record shows that Highland Green subdivision paid for the construction of the new road, and thus the county did not utilize any tax dollars. Thus, Remonstrators' interest is limited: they feel "inconvenienced" in their travel by the relocation of Koch Road. The asserted difference in these residents' interest as opposed to that of the general public is simply that the inconvenience arises more often due to their proximity to Koch Road.[4] Therefore,

3. Remonstrators assert that the road itself belongs to all of them and is held in trust by the County. They urge us to analyze the County's handling of the road according to trust principles. However, they cite no authority for this theory of road ownership nor do they put forth evidence showing that they are actually the owners of any portion of Koch Road or New Koch Road.

4. However, we note that the County Council made the following finding: "No facts indicate that closing Old Koch Road will create

they share the same interest with the rest of the public; it is simply to a greater degree.

We also must weigh another consideration due to the circumstances of the case before us. *See, e.g., City of Eureka,* 658 S.W.2d at 522 (the existence of a specific and legally cognizable interest is a matter of law determined ad hoc by the court under the circumstances). Old Koch Road has been vacated. Remonstrators allege they have been injured by the vacation of this road. In addition to the fact that their injury is not particularized and does not affect their property interests, Remonstrators do not identify a way that we can redress that alleged injury. Even if we could find a proper interest at stake under chapter 536, Remonstrators still do not show us what damages they have incurred. They do not request that we order the road rebuilt; they simply want us to reverse and declare the County wrong.[5] We fail to see how this remedies Remonstrators' alleged injuries.

In sum, Remonstrators' have suffered no damage to or deprivation of their property or tax dollars by the vacation of this road. The uniqueness of their interest is only that they use Koch Road more often than the rest of the public. The county made a policy decision largely based on the fact that the new road is safer than the old one, and Remonstrators have not shown how this harms them. Furthermore, their alleged injury is not redressable.

### Conclusion

Remonstrators have not been aggrieved under chapter 536, and thus have no standing to seek judicial review. The circuit

---

the slightest inconvenience to the Remonstrants [sic] or the traveling public."

5.  Remonstrators argue in their brief that the county illegally vacated the road because the

court had no jurisdiction over the merits in this matter, nor do we. We exercise our limited jurisdiction to reverse and remand with instructions for the circuit court to dismiss Remonstrators' appeal.

REVERSED AND REMANDED WITH INSTRUCTIONS.

KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, JR., J., concur.

---

ordinance authorizing the vacation had not yet come into effect. However, their remedy in that respect is with the county prosecutor, not the Court of Appeals.